JjMICHAEL E. KIRBY, Judge.

FACTS:

The plaintiff entered the Sheraton Hotel on Super Bowl Sunday, February 3, 2002 allegedly to get a shoeshine. The hotel was under the impression he was scalping tickets to the game. The hotel avers a security guard asked him to leave and that he refused. The plaintiff claims he agreed to leave but not until he could speak with a *165 manager. He alleges he was dragged into the street with his pants legs still rolled up. The guard called NOPD, and the plaintiff was arrested and charged with trespassing. The plaintiff filed suit, essentially alleging false arrest, but specifically alleging that the hotel made false statements causing the arrest, failed to determine his purpose in the hotel, acted rashly and arbitrarily, and slandered him. The hotel filed a motion for summary judgment on the basis that Louisiana’s trespass laws allow the hotel to ask anyone to leave. The trial court denied the motion, and the hotel seeks this court’s supervisory jurisdiction.

DISCUSSION

Appellate courts review summary judgments de novo using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.App. 4 Cir. 4/11/94), 634 So.2d 1180. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions. Two Feathers Enterprises v. First National Bank, 98-0465 (La.App. 4 Cir. 10/14/98), 720 So.2d 398, 400. The procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A(2). A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. 966(B). However, if the movant will not bear the burden of proof at trial on the matter that is before the court, the movant’s burden does not require him to negate all essential elements of the adverse party’s claim. Rather, he need only point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim. La. C.C.P. Art. 966 C(2).
Procedurally, the court’s first task on a motion for summary judgment is determining whether the moving party’s supporting documents are sufficient to resolve all material factual issues. LSA-C.C.P. Art. 966(B). To satisfy its burden, the party moving for the summary judgment must meet a strict standard by showing that it is quite clear as to what the truth is, and that excludes any real doubt as to the existence of material fact. Dibos v. Bill Watson Ford, Inc., 622 So.2d 677, 680 (La.App. 4 Cir.1993), writ denied, 629 So.2d 1178 (La.1993) citing Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981). If the court determines that the moving party has met this onerous burden, the burden shifts to the non-moving party to present evidence demonstrating that material factual issues remain.
Previously the jurisprudence uniformly held that a motion for summary judgment is generally not appropriate for disposition of cases requiring a judicial determination of subjective facts, e.g., motive, intent, good faith, and/or knowledge. Smith v. Our Lady of the Lake Hosp. Inc., 93-2512 (La.7/5/94), 639 So.2d 730; Penalber v. Blount, 550 So.2d 577, 583 (La.1989); Jefferson Parish School Bd. v. Rowley Co., Inc., 305 So.2d 658, 663 (La.App. 4 Cir. 1974); Gorum v. Optimist Club of Glenmora, 99-1963 (La.App. 3 Cir 8/30/00), 771 So.2d 690.
Even after the summary judgment law was amended to specifically favor the grant of summary judgments, courts continued to state that the granting of summary judgment is rarely appropriate for cases involving the judicial determination of subjective facts. Thus, in Oaks v. Dupuy, 32,070, p. 3 (La.App. 2 Cir. 8/18/99), 740 So.2d 263, 266, the court held that even though summary judgment was fa *166 vored, summary judgment was not appropriate in a ease where there was a dispute regarding knowledge. One reason given for the rule is that subjective facts call for credibility evaluations and the weighing of testimony. In determining whether an issue is genuine for purposes of a summary judgment, courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. Coto v. J. Ray McDermott, 99-1866 (La.App. 4 Cir. 10/31/00), 772 So.2d 828; Oakley v. Thebault, 684 So.2d 488, 490 (La.App. 4 Cir.1996); Helwick v. Montgomery Ventures Ltd., 95-0765 (La.App. 4 Cir. 12/14/95), 665 So.2d 1303, 1306.
Here, there are obvious facts in dispute about whether the hotel threw the plaintiff out on the street after he asked to see a manager, whether he refused to leave, and what statements the guard made to NOPD. The trespassing statute does |4not shield the hotel from potential civil liability. Even if the statute gives the hotel authority to ask persons to leave, it does not give it the authority to make false statements to the police leading to persons’ arrests.
We deny the writ application since the trial court did not err.
WRIT APPLICATION DENIED.