# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT


## 04-280


**MABRON ESCLOVON, ET AL.**

**VERSUS**

**OFFICER F. FONDEL, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 98-5075
HONORABLE ROBERT L. WYATT, PRESIDING


\*\*\*\*\*\*\*\*\*\*\*\*\*\*
## SYLVIA R. COOKS
### JUDGE
\*\*\*\*\*\*\*\*\*\*\*\*\*\*


Court composed of Sylvia R. Cooks, John D. Saunders and Oswald A. Decuir, Judges.


**REVERSED AND REMANDED.**

**Rudie R. Soileau, Jr.**
**717 Pujo Street**
**Lake Charles, LA   70601**
**(337) 433-0110**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
   **Mabron Esclovon, et al.**


**Ronald Richard**
**One Lakeshore Drive, Suite 1800**
**Lake Charles, LA  70629**
**(337) 494-1900**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
   **Mabron Esclovon, et al.**

**Christopher Ieyoub**
**Plauche', Smith & Nieset**
**P.O. Drawer 1705**
**Lake Charles, LA 70602-1705**
**(337) 436-0522**
**COUNSEL FOR DEFENDANT/APPELLEE**
        **City of Lake Charles**

**Christopher Trahan**
**Frederick L. Cappel**
**Raggio, Cappel, Chozen & Berniard**
**1011 Lakeshore Drive, Suite 500**
**P.O. Box 820**
**Lake Charles, LA 70602-0820**
**(337) 436-9481**
**COUNSEL FOR DEFENDANT/APPELLEE**
        **Southwest Louisiana Hospital Assoc. d/b/a Lake Charles Memorial Hospital**

**COOKS, Judge.**

Plaintiff, Mabron Esclovon, appeals the trial court's judgment granting Lake Charles Memorial Hospital's motion for summary judgment. For the following reasons, we reverse the judgment and remand for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

On the evening of August 8, 1998, Mabron Esclovon accompanied friends to visit a patient in the emergency room at Lake Charles Memorial Hospital. After visiting with the patient, Esclovon and his friends were walking through the parking lot to depart the hospital grounds. Esclovon and his friends were ordered to stop by two Lake Charles City Police Officers who were accompanied by a hospital security guard. They stopped as ordered and were told by the officers they were to immediately leave the hospital premises or face arrest. Esclovon asked why he was being ordered to leave the hospital grounds. He was not given any explanation by the officers, who simply reiterated the order to leave. Esclovon declined to comply with what he believed was a baseless request and was arrested by the officers for trespassing.

Earlier that evening, Robert Janice, a security guard at the hospital, was asked to report to the emergency room because of a disturbance. Upon arriving at the emergency room, Janice was told a dispute had arisen between the father and the uncle of a female patient being treated at the facility. Janice overheard the uncle state he was "going to call somebody and get a gun." Janice contacted the police, who arrived and discussed the situation with persons at the scene. The officers told Janice to call them if anything further occurred.

Shortly thereafter, Janice was approached at his desk by a female member of the patient's family and was told the "family member – the ones that they called for

the gun are here." Janice immediately contacted the police for assistance. He then went to the emergency room where Esclovon was standing in a group. That group was pointed out to Janice as being the ones that had been called for the gun.

Janice waited for the police, and informed them of the situation. When the officers and Janice went to the lobby of the emergency room, they saw Esclovon and his friends walking in the parking lot area. The officers and Janice then approached the group and the confrontation which resulted in Esclovon's arrest occurred. According to Janice, the officers asked him if he wanted the family members to leave, and he said "yes." Janice stated he did not specifically ask anyone to leave the premises. The officers maintained they were asked by Janice to remove plaintiff and his group from the hospital grounds.

Esclovon filed suit against the City of Lake Charles and the individual officers. The City and officers defended their actions on the basis that the hospital's security guard had requested that the officers order Esclovon to leave the premises. Thus, they argued, the officers were empowered to act by the hospital's employee. As stated earlier, Janice's testimony differs from the testimony of the officers as to who initiated the order directing Esclovon leave the premises. Esclovon testified he did not hear the security guard ask the officers to remove him from the premises. Given the conflicting testimony, Esclovon amended the original petition to also name Southwest Louisiana Hospital Association d/b/a Lake Charles Memorial Hospital (hereafter the Hospital) as a defendant in its capacity as the employer of the security guard.

The Hospital filed an answer and a motion for summary judgment. Esclovon filed a request for additional time to take the deposition of Larry North, the Hospital's Chief of Security. That request was granted. A hearing on the motion for summary

judgment was held on October 23, 2003. At the hearing, the Hospital's attorney conceded the existence of a "truckload of factual disputes and all these depositions that have been submitted concerning just what happened out at the hospital that evening. . ." Realizing the presence of these disputed facts would preclude the granting of summary judgment, the Hospital's attorney argued as follows:

> . . . the resolution of the Motion doesn't depend on what factual scenario you would choose to believe. Our argument, and perhaps its not stated in the brief, is that I don't see that the plaintiff has stated a cause of action against the hospital.
> . . .
> As I read the petition, I cannot myself determine what cause of action is stated against the hospital. I do not know if the plaintiff is alleging that the hospital was negligent through Robert Janis [sic] or through his actions in telling the police officers that he wanted Mr. – he wanted the plaintiff off the premises. I do not know if its in the nature of a slander suit against the hospital, a wrongful eviction. I simply do not know what cause of action, if any, he stated against the hospital.
> So my argument is simply this, that I don't think a cause of action has been stated, and I think a Motion for Summary Judgment would be a proper vehicle to have the suit dismissed against the hospital.

At the conclusion of the hearing, the trial court issued the following oral reasons for granting the Hospital's motion for summary judgment:

> Although I don't have a whole bunch of history to draw on here inasmuch as I've only been on the bench in less than ten months, historically I want to say that I am against – I'm going to favor not granting Motions for Summary Judgment because I think a trier of fact in most situations should be the party to ultimately make the decision. However, in this situation, while I agree with Mr. Soileau that what Mr. Janis did or what the policy of Lake Charles Memorial Hospital is is maybe not good policy, but I just fail to see where there's an actionable cause of action if what was done was done.
> It's terrible, they should not ask people to leave when there's guilt by association, but then that was a call that they made, and I just don't see an actionable cause of action right there.
> I'm granting the Motion for Summary Judgment.

Although the trial court granted the motion for summary judgment (and the signed final judgment dismissed plaintiff's case on a motion for summary judgment), his

reasons for ruling indicate the plaintiff's case was dismissed for failure to state a cause of action. Plaintiff has appealed the judgment contending it was improper to dismiss his case on either a motion for summary judgment or an exception of no cause of action.

## ANALYSIS

On appeal, plaintiff does not question "the ability of the Hospital or the trial court to treat the motion as a no cause of action defense; however, the decision to treat the objection as such should alter the applicable standard on appeal." Plaintiff maintains on appeal that the lower court's decision must be reversed whether based on a grant of a motion for summary judgment or the sustaining of an exception of no cause of action. We will examine the propriety of each motion.

Appellate courts review summary judgments *de novo*, under the same criteria that governs the district court's consideration of whether summary judgment is appropriate. *Goins v. Wal-Mart Stores, Inc.*, 01-1136 (La.11/28/01), 800 So.2d 783; *Lamoco, Inc. v. Hughes*, 02-1498 (La.App. 3 Cir. 7/9/03), 850 So.2d 67, *writ denied*, 03-2603 (La.12/12/03), 860 So.2d 1156. The threshold question in reviewing a trial court's grant of summary judgment is whether a genuine issue of material fact remains. *Kumpe v. State*, 97-386 (La.App. 3 Cir. 10/8/97), 701 So.2d 498, *writ denied*, 98-50 (La.3/13/98), 712 So.2d 882.

Plaintiff based its claim for damages on the appropriateness of the stop and arrest in the parking lot at Lake Charles Memorial Hospital. The officers, Janice and Esclovon provide different versions of the events that led to the arrest. It was even admitted by counsel for the Hospital that there were a "truckload of factual disputes" on that issue. Therefore, summary judgment was not appropriate in this matter.

Next, we address the exception of no cause of action. In *City of New Orleans*

*v. Board of Comm'rs of Orleans Levee Dist.*, 93-690 (La.7/5/94), 640 So.2d 237, the Louisiana Supreme Court set forth the following with regard to an exception of no cause of action, including the applicable standard of review:

> The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well pleaded facts in the petition must be accepted as true.
>
> * * *
>
> The burden of demonstrating that no cause of action has been stated is upon the mover or exceptor. In deciding the exception of no cause of action, the court must presume all factual allegations of the petition to be true and all reasonable inferences are made in favor of the non-moving party.
>
> In reviewing a trial court's ruling sustaining an exception of no cause of action, the court of appeal and this court should subject the case to *de novo* review because the exception raises a question of law and the lower court's decision is based only on the sufficiency of the petition.
>
> In appraising the sufficiency of the petition we follow the accepted rule that a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. The question therefore is whether in the light most favorable to plaintiff, and with every doubt resolved in his behalf, the petition states any valid cause of action for relief. The petition should not be dismissed merely because plaintiff's allegations do not support the legal theory he intends to proceed on, since the court is under a duty to examine the petition to determine if the allegations provide for relief on any possible theory.
>
> As a practical matter, an exception of no cause of action is likely to be granted only in the unusual case in which the plaintiff includes allegations that show on the face of the petition that there is some insuperable bar to relief. In other words, dismissal is justified only when the allegations of the petition itself clearly demonstrate that the plaintiff does not have a cause of action, or when its allegations indicate the existence of an affirmative defense that appears clearly on the face of the pleading.

*Id.* at 241, 253.

For purposes of the no cause of action exception, all factual allegations in the petition must be deemed to be true. Further, the reviewing court must resolve all factual disputes in favor of the plaintiff.

Plaintiff's amended petition set forth the following basis for liability on the part of the Hospital:

> On information and belief, SOUTHWEST LOUISIANA HOSPITAL ASSOCIATION d/b/a LAKE CHARLES MEMORIAL HOSPITAL, is the employer of Robert Janice, the security guard on duty at that facility on the date of the incident. Robert Janice improperly and wrongfully identified MABRON ESCLOVON to the LAKE CHARLES POLICE DEPARTMENT officers as being involved in some type of altercation unrelated to the instant matter and, on information and belief, provided misinformation to the LAKE CHARLES POLICE DEPARTMENT officers that caused or substantially contributed to the events complained of in this petition. SOUTHWEST LOUISIANA HOSPITAL ASSOCIATION d/b/a LAKE CHARLES MEMORIAL HOSPITAL is therefore vicariously responsible for his conduct and the damages consequential to that conduct.

In brief, the Hospital notes that "the critical issue for resolution is whether Janice acted reasonably. How can it be seriously argued that Janice, possessing the information he had obtained whether such information was right or wrong, acted unreasonably in requesting that plaintiff be removed from the premises or acquiesced in his removal?" Whether Janice acted reasonably is not an appropriate question at this stage of the proceedings. Further, under the no cause of action exception, all factual disputes must be resolved in favor of the plaintiff.

The Hospital also argued below that the basis for the cause of action against it was not clear. Counsel for plaintiff notes the referenced petition and amendment were prepared before the Hospital Chief of Security's deposition was taken, and that the pleadings can be further amended to more specifically state the cause of action against the Hospital.[1] La.Code Civ.P. art. 934 provides that "[w]hen the grounds of

---

[1] Larry North, the Hospital's Chief of Security, stated in his deposition that his security guards should either witness misconduct or have specific instructions from a physician at the

the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception *shall* order such amendment within the delay allowed by the court." (Emphasis added.) Therefore, at a minimum the plaintiff should have been allowed the opportunity to amend the petition in response to the information discovered subsequent to the filing of the supplemental petition.

However, after reviewing the record, we find the plaintiff clearly has a cause of action against the hospital. We find the facts in this case very similar to those in *Lebowitz v. Sheraton Operating Corp.*, 03-2174 (La.App. 4 Cir. 2/11/04), 868 So.2d 164. In *Lebowitz*, a man entered the Sheraton Hotel on Super Bowl Sunday allegedly to get a shoeshine. The hotel believed he was scalping tickets to the game. A hotel security guard asked him to leave and he refused. The plaintiff stated he agreed to leave but not until he could speak with a manager. Plaintiff then alleged he was dragged into the street with his pants legs still rolled up. The guard called the police, and the plaintiff was arrested and charged with trespassing. The plaintiff filed suit, essentially alleging false arrest, but specifically alleging that the hotel made false statements causing the arrest, failed to determine his purpose in the hotel, acted rashly and arbitrarily, and slandered him. The hotel filed a motion for summary judgment on the basis that Louisiana's trespass laws allow the hotel to ask anyone to leave. The trial court denied the motion, and the hotel appealed. The appellate court denied the hotel's motion for summary judgment stating as follows:

> Here, there are obvious facts in dispute about whether the hotel threw the plaintiff out on the street after he asked to see a manager, whether he refused to leave, and what statements the guard made to NOPD. The trespassing statute does not shield the hotel from potential civil liability. *Even if the statute gives the hotel authority to ask persons to leave, it does not give it the authority to make false statements to the*

___

facility before ordering a visitor off the premises.

*police leading to persons' arrests.*

*Id*. at 166. (Emphasis added.)

Esclovon's petition states the Hospital's security guard "provided misinformation to the Lake Charles Police Department officers" which led to his false arrest for trespassing. There is testimony in the record that Esclovon committed no misconduct, and there are statements from the Hospital's Security Director to imply that the security guard violated his employer's policies in requesting Esclovon's expulsion from the premises. Mindful that all factual disputes must be resolved in favor of the plaintiff, we find the trial court erred in finding the allegations of the petition itself clearly demonstrate that the plaintiff does not have a cause of action. It also erred in granting the motion for summary judgment. Genuine issues of material fact exist for trial.

## ANALYSIS

For the foregoing reasons, the judgment of the trial court sustaining the motion for summary judgment is reversed and the matter is remanded to the trial court for further proceedings consistent with the views expressed in this opinion. Costs of this proceeding are assessed against appellee, Lake Charles Memorial Hospital.

**REVERSED AND REMANDED**.