480 So.2d 376 (1985)
Frank J. REUTHER
v.
Suzanne LANDRENEAU, Joyce Landreneau, Dr. Raymond L. Landreneau, State Farm Mutual Insurance Company, and State Farm Fire and Casualty Company.
No. CA-3390.
Court of Appeal of Louisiana, Fourth Circuit.
December 11, 1985.
Writ Denied February 21, 1986.
*377 Steven B. Witman, New Orleans, for appellant-Reuther.
Timothy G. Schafer, New Orleans, for third-party appellant.
Page M. Michell, C. Gordon Johnson, Jr., New Orleans, for appellees-Landreneau, et al.
Before REDMANN, C.J., and C. GULOTTA and GARRISON, JJ.
GULOTTA, Judge.
In this automobile accident case, Frank Reuther, the driver of one automobile brought suit against a host-passenger in the other automobile Suzanne Landreneau, her parents Joyce Landreneau and Dr. Raymond Landreneau, the Landreneau's liability insurer, State Farm Mutual Automobile Insurance Company (State Farm), Ronald "Chip" Ruiz (Chip), the uninsured driver of the Landreneau car, and USAA, the uninsured motorist carrier of the car which plaintiff was driving. USAA filed a third-party demand for indemnification against Chip Ruiz, Suzanne Landreneau and Dr. Landreneau. The trial judge, upon motion of the attorney for both the Landreneaus and their liability insurer, directed a verdict in their favor dismissing the demands against them. USAA's third-party demand against the same parties was also dismissed. Appealing, USAA contends Suzanne Landreneau's negligent entrustment of the Landreneau vehicle to Chip Ruiz made her responsible for his negligent acts, thus allowing coverage under the Landreneau's liability policy. Plaintiff, in order to protect his interests against Suzanne Landreneau, et al, filed an appeal in the event this court reverses the judgment of the lower court and USAA is exonerated. We affirm.

STATEMENT OF THE CASE
On May 10, 1981, Suzanne Landreneau, the 17 year old daughter of Dr. Raymond Landreneau, had asked her father for permission to drive an automobile leased by her father for use by Suzanne and her younger sister in commuting from their home to school. At the time of the accident only Suzanne was allowed to drive the car, and was required by her parents to seek permission to use the car except to go to and from school.
Upon leaving her parents home, Suzanne drove to the home of her boyfriend Chip Ruiz, who asked her if he could drive. Suzanne, disobeying her parents specific orders not to allow anyone except herself to drive the car, allowed him to do so. Once behind the steering wheel, Chip had complete control of the vehicle and chose *378 the routes taken by him. En route, Chip ran into the rear of a stationary car owned by Dr. Clarence B. Parent and driven by Frank Reuther. Dr. Parent's daughter, Denise, was a passenger in the Parent vehicle. The Parent vehicle had USAA uninsured motorist coverage, and the Landreneau vehicle had State Farm liability coverage.
Immediately after the accident, Suzanne, after being told by Chip that he had neither insurance nor his driver's license with him, told the police that she was the driver of the car. According to both Suzanne and Chip, the plaintiff and Denise Parent had also participated in this deception.
However, when giving a deposition under oath, Suzanne admitted that it was Chip and not she who had been driving the Landreneau car on the day of the accident. At trial, both Chip and Suzanne testified that Chip was driving and that Dr. Landreneau had never given Chip permission to drive the car.
Suzanne also testified that at the time of the accident she did not know that Chip Ruiz was without his driver's license and had no insurance. She did say, however, that she had found this out after the accident occurred. Although plaintiff's counsel attempted to impeach Suzanne with her discovery deposition concerning whether or not she had knowledge that Chip had either a driver's license or insurance, Suzanne explained that she was very nervous at the deposition and had been confused by some of the questions. Furthermore, Suzanne testified that she was not aware of Chip Ruiz's prior driving record and had no reason to believe he was an incompetent driver. In addition, she stated that Chip did not drive recklessly to the fairgrounds and that he did not speed or run any red lights.
Prior to trial, all parties stipulated that Frank Reuther would receive $90,000.00 plus $1,000.00 under USAA medical payment coverage. The case went to trial on the liability question only.
After the evidence was presented, the trial judge, upon motion of Landreneau and State Farm, granted a directed verdict stating:
"... I have no issues to present to you. I have concluded as a matter of law, or as a matter of fact that no dispute that Suzanne  that "Chip" Ruiz was driving the car, that there's no evidence to show that permission was given by Dr. Landreneau for him to drive that car. I concluded there was no evidence to show that Suzanne knew he was a bad driver and therefore would be negligent in trusting the driving of that car to someone she knew as incompetent to drive the car. I determined there was no evidence upon which to conclude that. I concluded there was no joint venture between the two of them, which would bring liability to two people, like if you and I are in business together attempting to make a profit. I determined as a matter of law that if I am sitting in an automobile and I lend to you to drive and you're driving my car and even though you're going to the same place, I concluded as a matter of law that doesn't create a liability upon me. So as we went through these things to get to the questions concluded I came to the conclusions and the opinions, which is my function, I determined there was no factual issues or no legal issues to be determined. So I directed a verdict...."
Appealing, United Service contends the trial judge erred in:
1) directing a verdict when there were several areas of factual dispute the determination of which depended on credibility;
2) in finding Suzanne Landreneau not negligent for permitting someone to drive unless she knew the driver was incompetent.
3) concluding there was no evidence to show that Suzanne knew that Chip Ruiz was a bad driver, had no driver's license and no insurance;
4) determining that a host-passenger is not responsible for the negligence of the permitted driver regarding claims asserted by third persons.

*379 IMPUTATION OF NEGLIGENCE
Considering USAA's contentions in reverse order, we conclude the trial judge did not err in determining that the negligence of the permitted driver had not been imputed to the host-passenger regarding claims asserted by a third party.
The Louisiana Supreme Court in Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963) held that "unless a plaintiff could be held responsible, as a matter of law, for the torts of the person whose negligence is sought to be charged to him the doctrine of imputed negligence cannot be applied." In Gaspard, the Supreme Court reversed a lower court decision that had imputed the negligence of a minor son, who was driving with his father's permission, to his mother, who was a passenger in the vehicle, concluding that "... the negligence of one person cannot be imputed to another person not guilty of personal negligence in the absence of a legal obligation on the part of the latter to respond for the fault of the former." Gaspard v. LeMaire, supra. Furthermore in Umbehagen v. Liberty Mutual Insurance Company, 348 So.2d 122 (La.App. 4th Cir.1977), writ denied 350 So.2d 1209 (La.1977), this court held that the negligence of the driver of a vehicle could not be imputed to the owner-passenger though the parties were traveling together for a night of entertainment at a race track.
In the instant case, there is uncontradicted testimony that the named insured, Dr. Landreneau, had the right of control over the vehicle which Suzanne was driving and that he forebade his daughter from allowing anyone to drive the vehicle. Furthermore, the evidence does not indicate any legal relationship on the part of Suzanne or Dr. Landreneau regarding Chip that would suggest the imputation of his negligence to either one of them. Accordingly, we find no merit to this contention.

KNOWLEDGE OF NEGLIGENCE OR INCOMPETENCE
USAA contends the court erred in not finding that Suzanne Landreneau had knowledge that Chip Ruiz was incompetent and yet permitted him to drive the car. We do not agree.
Suzanne testified that she had no reason to believe that Chip was indeed an incompetent driver. Further Chip Ruiz testified that Suzanne neither had knowledge of the previous tickets which he had received nor was she informed that his driving privileges had been restricted by his parents due to poor grades in school.
This court has held that the lender of an automobile is not responsible for the negligence of the borrower unless he has knowledge that the borrower is physically or mentally incompetent to drive. Asher v. Good, 198 So.2d 434 (La.App. 4th Cir.1966). Further, we can find no authority nor have we been cited any which places a duty to make an inquiry of one's driving habits or record when no reason exists to place the lender on notice of the borrower's disability or incompetence. Accordingly, in the absence of evidence in the record to show that Suzanne had knowledge or any reason to suspect that Chip was a dangerous or incompetent driver, we cannot say that she was placed on notice to make an inquiry.

MOTION FOR A DIRECTED VERDICT
Finally, we reject USAA's claim that the trial judge erred in granting a directed verdict when there were several mutual issues of factual dispute.
After the evidence was presented, the attorney for the Landreneaus and State Farm moved for a directed verdict based on five grounds. The first two of these grounds were uncontested, i.e., that Chip Ruiz was driving the Landreneau car at the time of the accident and that he was driving without the permission of the named insured. Therefore, the only remaining issues were:
1) whether Suzanne Landreneau, in disobedience of her father's instructions, was negligent in allowing Chip Ruiz to drive Dr. Landreneau's vehicle;
2) whether or not Suzanne Landreneau was liable for the negligence of Chip *380 Ruiz simply because she was the host-passenger in the vehicle; and
3) whether or not any negligence on the part of Suzanne Landreneau as a host-passenger would be covered under the State Farm Automobile policy issued to Dr. Landreneau.
In a motion for a directed verdict, ... "the Court should consider all of the evidence  not just that evidence which supports the non-mover's case  but in a light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury." Roberts v. St. Bernard Parish School Bd., 427 So.2d 676 (La.App. 4th Cir.1983), rehearing denied 433 So.2d 1053 (La.1983). See also Breithaupt v. Sellers, 390 So.2d 870 (La.1980).
Because of our conclusions relating to the other contentions raised by USAA i.e. that no evidence was offered to support a conclusion that Suzanne had knowledge of Chip's negligence or incompetence as a driver and no imputation of negligence from the driver to the host-passenger could be made in the instant case, we hold that the trial judge did not err when he rendered the directed verdict dismissing the Landreneau's and their liability insurer, State Farm.
Having so concluded, we affirm the trial court's judgment.
AFFIRMED.
REDMANN, C.J., dissents with written reasons.
REDMANN, Chief Judge, dissenting.
Ronald Ruiz is not a car thief. He was granted permission to drive the Landreneau car by the one and only regular driver of the car, who as such had apparent authority to grant him permission to drive it. To hold that third persons are not third-party beneficiaries of the Landreneau car's insurance policy, as R.S. 22:655 declares, because that apparent authority turns out to have been secretly withheld by the true owner and thus not actual authority, is to defeat an important public policy of this state.
I would hold the Landreneau car's liability insurer liable to third persons for injury caused by Ruiz while driving the Landreneau car with the permission of Suzanne Landreneau.