557 So.2d 300 (1990)
Edna Barnett, wife of/and Samuel BARNETT
v.
GLOBE INDEMNITY COMPANY, Donald Solt, Frank Lopez and Bill Watson Ford, Inc.
No. 89-CA-0790.
Court of Appeal of Louisiana, Fourth Circuit.
January 16, 1990.
Carlos E. Zeledon, New Orleans, for Edna Barnett, wife of/and Samuel Barnett.
Thomas M. Young, Turner, Young & Hebbler, New Orleans, for Bill Watson Ford, Inc.
Before KLEES, WARD and ARMSTRONG, JJ.
WARD, Judge.
In this appeal we are asked to determine the correctness of the Trial Court's dismissal by summary judgment of Mr. and Mrs. Samuel Barnetts' suit for personal injuries and property damage against Bill Watson Ford, Inc.
Finding no error in the lower court action, we affirm.
Edna Barnett, while driving a vehicle owned by herself and her husband who was a passenger was involved in a collision with a car owned by Bill Watson Ford, Inc. (Watson). Donald Solt was test driving the Watson vehicle with Frank Lopez, a Watson salesman, as a passenger at the time of the collision.
The Barnetts sued Watson, Globe Indemnity Company, Watsons' insurance carrier, as well as Lopez and Solt, alleging affirmative *301 acts of negligence on the part of Solt in the operation of the vehicle, and Lopez for entrusting the vehicle to Solt. Moreover, the petition alleges that Solt was acting as an agent and/or employee of Watson when the accident occurred.
Watson secured its dismissal from the suit through motion for summary judgment.
The Barnetts first argue that the facts of this dispute dictate that Solt's negligence should be imputed to Watson as the owner of the car on the basis that the test drive Solt took constituted a joint venture between Solt and Watson. We do not agree.
The early case of Ault & Wiborg Co. of Canada v. Carson Carbon Co., 181 La. 681, 160 So. 298 (1935) defined joint venture as follows:
To constitute occupants of a conveyance joint adventurers, there must be not only joint interest in the objects and purposes of the enterprise, but also an equal right, express or implied, to direct and control the conduct of each other in the operation of the conveyance.
The essential elements of a joint venture are generally the same as those of partnership, i.e. two or more parties combining their property, labor, skill, etc. in the conduct of a venture for joint profit, with each having some right of control. Marine Services, Inc. v. A-1 Industries, Inc. 355 So.2d 625 (La.App. 4 Cir.1978). To constitute a joint venture in the operation of a vehicle, there must be more than a joint interest in the object and purpose of the mission, there must also be an equal right, express or implied, on the part of each of the parties to direct or control the conduct of the other in the operation of the vehicle. Squyres v. Baldwin, 191 La. 249, 185 So. 14 (1938).
Advancing their argument against summary judgment, the Barnetts correctly note that the existence of a joint venture is a question of fact and each case must be considered sui generis. Cajun Electric Power Co-Op., Inc. v. McNamara, 452 So.2d 212 (La.App. 1 Cir.1984), writ den. 458 So.2d 123 (La.1984). In this case, the Barnetts contend the record proves a joint venture. They contend the record shows that although Lopez was not at the wheel of the car at the time of the collision, he, nonetheless, exercised control over the vehicle in that he instructed Solt in the manner the car should be driven and they argue that there existed a common business purpose and a community of interest in the object of the test drive. That interest was that Solt purchase a car and Watson make a profit by the sale.
Lopez testified that he drove the car off the lot and for the first few blocks, discussed its condition, features and demonstrated the instruments and controls. Before he allowed Solt to drive, Lopez instructed him how to adjust the seat, the seatbelt and to drive carefully and observe the speed limit. These acts hardly constitute "control" by Lopez over Solt's operation of the car.
In other portions of his deposition, Lopez testified that prior to the sudden manuever which caused the accident, there was nothing about Solt or his actions to indicate Lopez should control Solt's driving. Moreover, Lopez's testimony established that the incident occurred so quickly and unexpectedly there was no time for Lopez to prevent the accident.
The mere fact of Solt's test drive as a prospective purchaser and Lopez's allowing the test drive in hopes of selling the car do not suggest a mutual intent to combine their property, labor or skill in the conduct of a venture analogous to a partnership. Marine Services, Inc., supra; Varnado v. Sanders, 477 So.2d 1205 (La.App. 1st Cir. 1985).
As for the Barnetts' second argument that Watson was negligent by entrusting the vehicle to an incompetent driver, the lender of a vehicle is not responsible for the negligence of the borrower, unless he had or should have had knowledge the borrower was physically or mentally incompetent to drive. Asher v. Good, 198 So.2d 434 (La.App. 4 Cir.1966). Lopez's deposition testimony shows Solt did not appear to be either.
*302 Although the Barnetts cite some cases in which the negligence of the driver of an automobile was imputed to the owner/passenger based on an agency theory or on the owner's theoretical right to control the operation of the vehicle, the holdings in those cases were disapproved of by the Supreme Court in Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963) when it observed:
It is unrealistic to hold in the present day uses of motor vehicles that the occupant of a motor vehicle has factually any control or right of control over the driving of the operator. 158 So.2d at 154.
See also Adams v. Security Ins. Co. of Hartford, 543 So.2d 480 (La.1989).
Although the existence of a joint venture may be a question of fact, in this case there is no genuine issue of fact, and we therefore, affirm the action of the lower court. Costs of the appeal are assessed to the Barnetts.
AFFIRMED.