740 So.2d 263 (1999)
Paula J. OAKS and Brian Lee Oaks, Individually, and on behalf of their minor son, Matthew M. Oaks, Plaintiffs-Appellants,
v.
Albert J. DUPUY, III, Albert J. "Bud" Dupuy and his insurer, State Farm Mutual Automobile Insurance Company, Mimosa Gardens Service Corporation and their insurer, Hermitage Insurance Company, Defendants-Appellees.
No. 32,070-CA.
Court of Appeal of Louisiana, Second Circuit.
August 18, 1999.
*264 Huey L. Golden, Shreveport, Counsel for Plaintiffs-Appellants.
Casten & Pearce by Marshall R. Pearce, Shreveport, Counsel for Defendants-Appellees.
Before NORRIS, C.J., and WILLIAMS and STEWART, JJ.
NORRIS, Chief Judge.
Paula and Brian Oaks ("Oaks") contest a grant of summary judgment in favor of Billie Fay Dupuy and Mimosa Garden Service Corp., ruling that neither Mimosa nor Albert J. Dupuy, II ("Bud") was liable under the theory of negligent entrustment. The summary judgment is reversed.

Facts
Albert J. Dupuy, III ("Jay"), while driving a 1985 Chevrolet Blazer owned by Mimosa Gardens Service Corp., was involved in an automobile accident in which he struck a vehicle driven by Paula J. Oaks. On the morning of the accident, he was "rained out" of his job, so he and some of his friends went to Lake Bistineau. While there, Jay consumed alcohol and at the time of the accident his blood alcohol level was .22%. Jay was driving the Blazer because his father, Bud, had loaned it to him approximately 3-4 months before after his own truck was repossessed. Jay used the Blazer for his general use, including transportation to and from work. Oaks and her husband, individually and on behalf of their son, who was a passenger in *265 Oaks's car, sued Jay, Bud,[1] Mimosa,[2] State Farm (liability insurer of the Blazer), Hermitage Insurance (Bud's and Mimosa's general liability insurer), and Allstate Insurance, who insured Jay's wife, Waynette Dupuy. Summary judgment was granted in favor of Hermitage pursuant to an automobile use exclusion[3] and in favor of Allstate because the Blazer was not covered under the policy. State Farm settled.
Billie, on the behalf of Bud, and Mimosa filed a motion for summary judgment, alleging that they were not liable under either the theory of respondeat superior or negligent entrustment. Oaks concedes that a partial summary judgment is appropriate as to the theory of respondeat superior, as Jay was not within the scope of his employment at the time of the accident. As for the theory of negligent entrustment, the trial court stated that the general rule was that a lender was not responsible for the negligence of the borrower, unless the lender had knowledge that the borrower was physically or mentally incompetent. The trial court then found that Jay had a fairly clean driving record, with one DWI in 1985, eight years prior to the accident at issue, no other traffic citation for 12-15 years prior, and had never been denied liability insurance, none of which indicated that he was incompetent. Furthermore, Jay did nothing in the 3-4 months when he had the Blazer to lead to a belief that he was incompetent. The judge acknowledged the affidavits from those who know Jay and had knowledge of his drinking problem, but went on to find that this alone did not prove his incompetency. The judge, finding that Jay was not incompetent, did not address the issue of whether or not Bud knew of Jay's tendency to drink and drive. The court then granted summary judgment in favor of Billie and Mimosa, holding that they did not expose themselves to liability under the theory of negligent entrustment. Oaks appeals this ruling.

Law
Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, except those disallowed by law; the procedure is favored and must be construed to accomplish these ends. La. C.C.P. art. 966 A(2). After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted. Art. 966 C(1). The burden of proof remains with the mover. Art. 966 C(2). Even though summary judgment procedure is favored, it is not a substitute for trial and is often inappropriate for judicial determination of subjective facts such as motive, intent, good faith or knowledge. Greer v. Dresser Indus. Inc., 98-129 (La.App. 3d Cir.7/1/98), 715 So.2d 1235, writ denied 98-2094 (La.11/6/98), 728 So.2d 867; Smith v. Our Lady of the Lake Hosp. Inc., 93-2512 (La.7/5/94), 639 So.2d 730; Tucker v. Northeast Louisiana Tree Service, 27,768 (La.App.2d Cir.12/6/95), 665 So.2d 672, writ denied 96-0063 (La.3/8/96), 669 So.2d 404; Bailey v. United Gas Pipe Line Co., 27,655 (La.App.2d Cir.12/6/95), 665 So.2d 664, writ denied 96-0058 (La.2/28/96), 668 So.2d 372. One reason is that these subjective facts call for credibility evaluations and the weighing of testimony and summary judgment is inappropriate for such determinations. Helwick v. Montgomery Ventures Ltd., 95-0765 (La.App. 4th Cir. 12/14/95), 665 So.2d 1303, 1306, writ denied 96-0175 (La.3/15/96), 669 So.2d 424.. Appellate review of summary judgment is de novo, utilizing the same criteria that guide the trial court's grant of the judgment. Guillory *266 v. Interstate Gas Station, 94-1767 (La.3/30/95), 653 So.2d 1152.
Generally, an owner of a vehicle is not liable for damages which occur when another is operating the vehicle. Jones v. Western Preferred Cas. Co., 633 So.2d 667 (La. App 1st Cir.1993), writ denied 635 So.2d 1123 (1994). Exceptions to this rule occur when the driver is on a mission for the owner of the vehicle, when the driver is an agent or employee of the owner, and when the owner is himself negligent in entrusting the vehicle to an incompetent driver. Id.
Under the negligent entrustment theory, the lender of a vehicle is not responsible for the negligence of the borrower unless he knew or should have known that the borrower was physically or mentally incompetent to drive; if the lender knew or should have known of the borrower's incompetency then he is responsible for the harm resulting from the incompetent operation of the vehicle. Id.; Reuther v. Landreneau, 480 So.2d 376 (La.App. 4th Cir.1985), writ denied 482 So.2d 628 (1986); Barnett v. Globe Indem. Co., 557 So.2d 300 (La.App. 4th Cir.1990). We believe a reasonably prudent person has a clear duty to recognize the manifest danger of making a long-term, open-ended loan of a vehicle to someone they know or should know is an habitual abuser of alcohol and is prone to drive a vehicle while under the influence of alcohol. See Frain as Tutrix of Beason v. State Farm Ins., 421 So.2d 1169 (La.App. 2d Cir.1982). A prudent person should recognize that under these circumstances it is highly likely that serious injuries or death will foreseeably result. Id.

Analysis
In opposition to the motion for summary judgment, Oaks filed affidavits from the plaintiff, Paula Oaks, her brother Kurt Raab, Laurie Pheifer, and Buster Constanzi, the State Farm agent who sold the policy to Bud. All the affidavits attested to Jay's tendency to drink and be under the influence of alcohol and that he had a reputation in the community of Haughton as an habitual drinker. Raab further attested that "it was well known to me that Jay Dupuy frequently would drive while under the influence of alcohol." Constanzi attested that, because of Jay's reputation in the community "regarding his reckless use of automobiles and his driving record," if he had known Jay was going to be driving the Blazer he would not have sold Bud the policy.
Depositions were conducted on two separate occasions. In 1993, Jay testified that his driver's license had been revoked twice, once due to the accident at issue and once due to a DWI. Jay also testified that he was in a boating accident which was caused by another boat running over the boat he was in, killing three of the passengers; Jay stated that he did receive a settlement from the other boater's insurance. Jay testified to causing two other accidents, one in which he ran into a building because he put a vehicle in drive while thinking it was in reverse, and one in which he swerved to miss a dog and hit a parked car. He admitted leaving the scene of the accident when he hit the parked car, and returning after dropping off a friend. Jay stated that he had never been denied liability insurance, but admitted to being uninsured in the instant accident since his own truck had been repossessed and his father was lending him the insured Blazer. Jay stated that he and his father never drank together, but his father knew he drank and saw him drinking on several occasions. Jay's mother, Billie Faye Dupuy, in her 1993 deposition, testified that Jay has consumed alcohol in his parents' home.
Jay testified at a second deposition in 1997. He stated that around the time of the accident he was drinking beer on a daily basis, in varying amounts up to a six pack a day. Jay testified to being placed on probation in 1985 pursuant to the DWI for a period of one year with the condition *267 that he complete a substance abuse and driver improvement program.
Oaks presented affidavits and depositions that showed not only Jay's tendency to drink, but a reputation for drinking. One affidavit attested to the fact that frequently Jay would drink and drive. The summary judgment evidence further shows that Jay had a close relationship with his father, working with him, living with him into his twenties, and receiving financial help to pay for property damage caused by a prior auto accident. Additionally, the depositions showed that Bud knew that Jay consumed alcohol. Jay also stated, and the affidavits confirmed, that Haughton was a small community where everybody knows everybody else. Given the small, close-knit community, Jay's reputation for drinking and driving, the close relationship between Jay and his father, and the fact that the deceased father cannot now testify, we find that a judicial determination of Bud's knowledge of his son's drinking behavior is essential to the resolution of the case. The issue of knowledge is often unsuitable for summary judgment disposition. Greer v. Dresser Indus. Inc., supra. Based on the summary judgment evidence presented, we are constrained to find that Bud's knowledge of Jay's competency as a driver remains a genuine issue of material fact and is not appropriate for summary judgment. As such, the trial court erred in granting the motion for summary judgment on the issue of negligent entrustment.

Conclusion
Oaks conceded that a partial summary judgment should have been granted on the issue of respondeat superior. However, as Oaks raised genuine issues of material fact, summary judgment was improper on the theory of negligent entrustment. Costs of appeal are assessed to Dupuy and Mimosa Gardens Service Corp.
REVERSED AND REMANDED.
WILLIAMS, J., concurs with written reasons.
WILLIAMS, Judge, concurring.
I concur with this court's opinion to the extent that it reverses the summary judgment on the basis that plaintiffs produced sufficient evidence pursuant to the analysis required by LSA-C.C.P. art. 966.
As noted in this court's opinion, the mover for summary judgment has the burden of establishing the lack of a genuine issue of material fact. Article 966 further provides that if the movant will not bear the burden of proof at trial, the mover is required to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim or action. In order to prove negligent entrustment at trial, the plaintiffs would be required to establish that the borrower was physically or mentally incompetent to drive and that the lender knew or reasonably should have known of the borrower's incompetence. Jones, supra.
Here, plaintiffs submitted affidavits and depositions demonstrating the vehicle borrower's frequent use of alcohol, a potential indicator of incompetence to drive, and the lender's knowledge of that fact. In light of the evidence contained in the record, I conclude that the defendants have failed to satisfy their burden of pointing out a lack of sufficient factual support for plaintiffs' action alleging negligent entrustment.
Therefore, I agree with this court's decision that the district court erred in granting summary judgment. However, I cannot subscribe to the opinion's far-reaching implication that the mere act of loaning a vehicle to another person, who may be known to drink, thereby subjects the lender to liability for negligent entrustment for an indefinite period of time into the future.
NOTES
[1] Bud died during the pendency of the suit, and his wife Billie Faye Dupuy, as executrix of Bud's estate, was substituted as a defendant.
[2] Mimosa was owned and operated by Bud.
[3] See Oaks v. Dupuy, 26,729 (La.App.2d Cir.4/5/95), 653 So.2d 165, writ denied 95-1145 (La.6/16/95), 665 So.2d 335.