# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 08-1416

MARIE BENNIEFIEL

VERSUS

ZURICH AMERICAN INSURANCE
COMPANY [AND] STINE PROPERTIES,
L.L.C.

************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2003-3176
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy H. Ezell, and James T. Genovese, Judges.

**REVERSED AND REMANDED.**

James R. Morris
The Morris Law Firm
2917 Ryan Street, Suite B
Lake Charles, Louisiana 70601
(337) 990-0256
COUNSEL FOR DEFENDANTS/APPELLANTS:
    Zurich American Insurance Company and
    Stine Properties, L.L.C.


Roger G. Burgess
Wells T. Watson
Erin A. Alley
Baggett, McCall, Burgess, Watson & Gaughan
3006 Country Club Road
Post Office Drawer 7820
Lake Charles, Louisiana 70606-7820
(337) 478-8888
COUNSEL FOR PLAINTIFF/APPELLEE:
    Marie Benniefiel (Broomes)

**GENOVESE, Judge.**

The Defendants, Zurich American Insurance Company and Stine Properties, L.L.C., appeal the judgment of the trial court granting a Motion for Partial Summary Judgment on the issue of liability in favor of the Plaintiff, Marie Benniefiel. For the following reasons, we reverse the trial court's judgment and remand the matter for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Marie Benniefiel, alleges that she sustained personal injury on December 17, 2002, while she was a customer at Stine Lumber Company in Sulphur, Calcasieu Parish, Louisiana. According to Ms. Benniefiel's petition, "[a]s she was bending over a temporary fence around a Christmas tree exhibit, the landscape timbers gave way and she fell, thereby causing [her] damages and injuries . . . ." Additionally, Ms. Benniefiel's petition alleges that the accident:

> was due to the fault and responsibility of [D]efendant, Stine Properties, L.L.C. d/b/a Stine Lumber Company, its agents, servants, and employees, whose fault includes, but is not limited to:
>
> a.    [f]ailure to provide a safe environment;
>
> b.    [i]mproperly erecting a temporary fence thereby creating an unsafe condition;
>
> c.    [f]ailing to secure the temporary fence;
>
> d.    [f]ailing to inspect the premises;
>
> e.    [f]ailing to warn [Plaintiff], Marie Benniefiel, of the unsafe condition when the [D]efendant knew or should have known of the unsafe condition of the temporary fence; [and]
>
> f.    [a]ny other acts of negligence that may be proven at the trial of this matter.

The Defendants filed a Motion for Summary Judgment, seeking to dismiss Ms.

Benniefiel's claims, on August 5, 2004. The trial court heard and denied the Defendants' motion on November 12, 2004.

The matter proceeded to trial by jury from November 6 to 9, 2006. At the conclusion of the four-day trial, the jury, in an eleven-to-one vote, found in favor of the Defendants.[1] A judgment memorializing the jury verdict was signed by the trial court on December 6, 2006.

On December 19, 2006, Ms. Benniefiel filed a Motion for Judgment Notwithstanding the Verdict, or in the alternative, Motion for New Trial. A hearing on Ms. Benniefiel's motions was held on May 1, 2007. The trial court denied Ms. Benniefiel's Motion for Judgment Notwithstanding the Verdict but granted her Motion for New Trial. The trial court sigend a judgment to this effect on June 11, 2007.

On July 14, 2008, Ms. Benniefiel filed a Motion for Partial Summary Judgment on the issue of liability along with a Statement of Uncontested Facts. Ms. Benniefiel offered the following exhibits as evidence in support of her Motion for Partial Summary Judgment: the deposition of Ms. Benniefiel; the trial testimony of Joseph Buckley;[2] the trial testimony of Michael Frenzel;[3] the trial testimony of Jack Madeley;[4] the deposition of Brian Vassar;[5] the trial testimony of Brian Vassar; the deposition of Jack Madeley; the affidavit of Michael Frenzel, dated July 10, 2008;

---

[1] The first interrogatory to the jury was: "Do you find that the fence presented an unreasonable risk of harm which was reasonably foreseeable?" The answer checked by the jury was "NO[.]"

[2] Mr. Buckley was employed as an Assistant Manager at Stine Lumber Company when Ms. Benniefiel's accident occurred.

[3] Mr. Frenzel testified as Ms. Benniefiel's expert witness.

[4] Mr. Madeley testified as the Defendants' expert witness.

[5] Mr. Vassar was employed as a Supervisor at Stine Lumber Company and prepared the accident report for the incident at issue herein.

and, the affidavit of Ms. Benniefiel dated July 11, 2008.

On August 8, 2008, the Defendants responded by filing a Motion to Quash the Motion for Partial Summary Judgment wherein the Defendants urged:

> No new evidence has been adduced since the trial, other than the deposition of Jack Madeley, wherein he testified his opinions in this trial will be identical to the first trial. Given this lack of new evidence, consideration of Plaintiff's Motion for Summary Judgment is improper. A potential grant of Plaintiff's motion would be tantamount to the [c]ourt granting Plaintiff's [Motion for Judgment Notwithstanding the Verdict], which the [c]ourt correctly ruled it could not do based on lack of grounds.

At the hearing held on August 12, 2008, *the entirety of the suit record* was introduced and accepted as a *joint offering* into the record of the summary judgment proceedings. After taking the matter under advisement, the trial court issued Written Reasons on August 19, 2008, granting Ms. Benniefiel's Motion for Partial Summary Judgment on the issue of liability. In its Written Reasons, the trial court declared:

> [Louisiana Code of Evidence Article 702] requires that expert testimony be based on "scientific, technical, or other specialized knowledge." "Even then, such 'testimony must rise to a threshold level of reliability in order to be admissible.' To be reliable, such testimony requires more than 'subjective belief or unsupported speculation.[']"] *Maddox v. Omni Drilling Corp.*, 96-1673 (La.App. 3 Cir. 8/6/97); 698 So.2d 1022, 1027[,] citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589, 113 S.Ct. 2786, 2795, 125 L.Ed.2d 469 (1993); *State v. Foret*, 93-0246 (La.11/30/93); 628 So.2d 1116; *Rowe v. State Farm Mut. Auto. Ins. Co.*, 95-669 (La.App. 3 Cir. 3/6/96); 670 So.2d 718.
>
> According to his own testimony, Mr. Jack Madeley did not actually perform any testing of either configuration. (Exhibit 4 of Plaintiff's Motion for Summary Judgment, Trial Transcript of Mr. Jack T. Madeley, page 102, lines 14-27.) Mr. Madeley's opinion was not based on any factual finding or evidence; it is simply a *subjective belief* that STINE's configuration was "adequate." (Exhibit 4, page 129, line 12.) Thus, this [c]ourt finds Mr. Madeley's opinion unreliable.

A judgment to this effect was signed by the trial court on August 27, 2008. It is from this judgment that the Defendants appeal.

3

*Assignment of Error*

On appeal, the Defendants assert: "The trial court abused its discretion in granting [Plaintiff's] Motion for Partial Summary Judgment."

*Standard of Review*

Our Louisiana Supreme Court has instructed us on the standard of review relative to a motion for summary judgment as follows:

> A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Duncan v. U.S.A.A. Ins. Co.*, 2006-363[,] p. 3 (La.11/29/06), 950 So.2d 544, 546, see [La.Code Civ.P.] art. 966. A summary judgment is reviewed on appeal *de novo*, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; *i.e.* whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. *Wright v. Louisiana Power & Light*, 2006-1181[,] p. 17 (La.3/9/07), 951 So.2d 1058, 1070; *King v. Parish National Bank*, 2004-0337[,] p. 7 (La.10/19/04), 885 So.2d 540, 545; *Jones v. Estate of Santiago*, 2003-1424[,] p. 5 (La.4/14/04), 870 So.2d 1002, 1006.

*Samaha v. Rau*, 07-1726, pp. 3-4 (La. 2/26/08), 977 So.2d 880, 882-83 (footnote omitted).

*Discussion*

In *Bell v. Gold Rush Casino*, 04-1123, p. 7 (La.App. 3 Cir. 2/2/05), 893 So.2d 969, 973-74, this court set forth the following jurisprudence pertinent to a determination of whether summary judgment is appropriate:

> In *Brittain v. Family Care Services, Inc.*, 34,787, p. 4 (La.App. 2 Cir. 6/20/01), 801 So.2d 457, 460, the court stated:
>
> > Even though the summary judgment procedure is favored, it is not a substitute for trial and is often inappropriate for judicial determination of subjective facts such as motive, intent, good faith or knowledge. *Oaks v. Dupuy*, 32,070 (La.App.2d Cir. 8/18/99), 740 So.2d 263

4

> (*citing Greer v. Dresser Industries, Inc.*, 98-129 (La.App. 3d Cir.7/1/98), 715 So.2d 1235). One reason is that these subjective facts call for credibility evaluations and the weighing of testimony and summary judgment is inappropriate for such determinations. *Id.* Moreover, it is not a function of the trial court on a motion for summary judgment to determine or even inquire into the merits of issues raised or to weigh conflicting evidence on the existence of material facts. *See, Harrison v. Parker*, 31,844 (La.App.2d Cir.5/5/99), 737 So.2d 160. When affidavits and exhibits present a choice of reasonable inferences, such inferences must be viewed in the light most favorable to the party opposing the motion for summary judgment. *Tucker v. Northeast Louisiana Tree Service*, 27,768 (La.App.2d Cir.12/6/95), 665 So.2d 672; *Schroeder v. Bd. of Supervisors of Louisiana State Univ.*, 591 So.2d 342 (La.1991).

*Id.; see also Greer v. Dresser Indus., Inc.*, 98-129 (La.App. 3 Cir. 7/1/98), 715 So.2d 1235, *writ denied*, 98-2094 (La.11/6/98), 728 So.2d 867.

In *Murphy's Lease & Welding Serv., Inc. v. Bayou Concessions Salvage, Inc.*, 00-978, pp. 4-5 (La.App. 3 Cir. 3/8/01), 780 So.2d 1284, 1288, *writ denied*, 01-1005 (La. 6/1/01), 793 So.2d 195 (footnotes omitted), this court set forth the relevant inquiry when assessing whether summary judgment is warranted:

> The threshold question in reviewing a trial court's grant of summary judgment is whether a genuine issue of material fact remains. After which, we must determine whether reasonable minds could conclude, based on the facts presented, that the mover is entitled to judgment. Thus, summary judgment is apropos when all relevant facts are brought before the court, the relevant facts are undisputed, and the sole remaining issue relates to the legal conclusion to be drawn from the facts.

"Ordinarily, the determination of whether negligence exists in a particular case is a question of fact; therefore, cases involving a question of negligence ordinarily are not appropriate for summary judgment. This principle extends to questions of comparative fault as well." *Freeman v. Teague*, 37,932, p. 4 (La.App. 2 Cir. 12/10/03), 862 So.2d 371, 373 (citation omitted).

5

Crucial to our determination as to whether the trial court erred in granting summary judgment in this case is the joint offering *of the entire suit record* into the note of evidence of this summary judgment proceeding. Notwithstanding the issue of admissibility of "the entire suit record" in a summary judgment proceeding, such an offering contains the sworn testimony of all of the witnesses at trial, all of the exhibits introduced into evidence, and everything else in the record, including inappropriate summary judgment evidence.

Particularly noteworthy is the sworn testimony of Ms. Benniefiel. Ms. Benniefiel testified that she placed her left hand on the cinder block (comprising part of the fence) and reached over with her right hand to try and pick up the piece of paper she sought, when the fence fell down. She stated that she had a poor memory of exactly what happened the day of the accident. She further testified that she did not remember whether any part of her body or "tummy" made contact with the landscape timber. However, Ms. Benniefiel stated that she did not even think about or consider walking a short distance to the divider opening to retrieve the sought-after paper. She could not state at trial whether she fell into the fence and caused it to fall or whether the fence fell before she fell. She also stated that she was wearing a long dress and that she did not think about reaching between the landscape timbers to try to get the piece of paper instead of leaning over a temporary divider.

The testimony of Ms. Benniefiel, along with the other evidence in the record, clearly create a genuine issue of material fact relative to the issue of comparative fault which must go to the trier of fact and not be disposed of via summary judgment.

**DECREE**

For the above reasons, the judgment of the trial court granting Ms. Benniefiel's

6

Motion for Partial Summary Judgment on the issue of liability is reversed, and the matter is remanded for further proceedings. Costs of this appeal are assessed against Plaintiff/Appellee, Marie Benniefiel.

**REVERSED AND REMANDED.**