# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-793


**MICHAEL AND CHRISTINE DAUZAT**

**VERSUS**

**STATE OF LOUISIANA, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT**

************

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2005-7740
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

************

## ELIZABETH A. PICKETT
## JUDGE

************

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Elizabeth A. Pickett, Judges.


**REVERSED AND REMANDED.**

Jerold Edward Knoll
The Knoll Law Firm
Post Office Box 426
Marksville, Louisiana  71351
Counsel for Plaintiffs/Appellees:
      Michael and Christine Dauzat

John Taylor Bennett
Bennett Law Office
Post Office Box 275
Marksville, Louisiana  71351
Counsel for Plaintiffs/Appellees:
      Michael and Christine Dauzat
James D. "Buddy" Caldwell
Attorney General

James E. Calhoun
Assistant Attorney General
Post Office Box 1710
Alexandria, Louisiana  71309
Counsel for Defendant/Appellant:
        State of Louisiana through the Department of Transportation
        and Development

**PICKETT, Judge.**

The State of Louisiana, through the Department of Transportation and Development (the DOTD), appeals the trial court's grant of partial summary judgment on the issue of liability in favor of Plaintiffs, Michael and Christine Dauzat. For the following reasons, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On March 11, 2005, after boiling four sacks of crawfish, Christine was severely burned when she fell as she and her adult son were attempting to pour the hot water from the boil into a ditch adjacent to a driveway in front of her property. She was taken to a local hospital and then airlifted to a burn center in Houston, Texas, where she remained hospitalized for twenty-nine days.

Christine and her husband, Michael, filed suit against the DOTD on April 21, 2005, to recover damages for the injuries Christine suffered in the accident and for the loss of consortium suffered by Michael as a result of his wife's injuries. Plaintiffs alleged that the accident occurred on highway property included in the DOTD's right of way. They further alleged that the DOTD was responsible for their damages because of the following nonexclusive acts of negligence: failing to properly maintain its right of way, failing to properly maintain its drainage, failing to provide culverts, and providing inadequate and substandard material. They asserted that the DOTD had committed the aforementioned negligent acts "all the while knowing that its actions or inactions created a dangerous situation which . . . resulted in [their] damages."

The DOTD responded to Plaintiffs' petition by filing an exception of vagueness, after which Plaintiffs amended to allege sixteen additional acts of

1

negligence on behalf of the DOTD, including failing to properly inspect and maintain the driveway and ditch. Thereafter, the DOTD answered the petitions, admitting that Plaintiffs' driveway was partially located within the DOTD right of way. The DOTD averred that the accident was solely caused through the negligence of Plaintiffs and/or some other third party, in the following non-exclusive acts or omissions: failing to exercise reasonable care in carrying extremely hot and potentially hazardous substances; failing to see what should have been seen; failing to take effective evasive actions; failing to comply with the law by discharging a noxious matter into the ditch on the state highway right of way without the prior written consent of the chief engineer, or his representative, and the secretary of the Department of Health and Hospitals; failing to maintain the driveway in a safe condition; knowingly walking on an unsafe driveway; and failing to supply an appropriate culvert meeting DOTD requirements and allowing the driveway permit to expire. The DOTD requested a jury trial in its answer, and the record contains two notices of trial by jury.

The DOTD filed a motion for summary judgment on June 18, 2008, alleging that Plaintiffs had failed to sustain their burden of proof. More specifically, it alleged that it owed no duty to Christine regarding her driveway because she was not a motorist using the adjacent roadway or a pedestrian using the roadway in a reasonably prudent manner. The DOTD further insisted that it was not required to furnish any culverts for Plaintiffs' driveway. Attached to its motion was deposition testimony of Christine; Huey Lipsey, Jr., a DOTD engineer; and Gerard Lemoine, the DOTD Highway Maintenance Supervisor for Avoyelles Parish; as well as a DOTD "Project Diary" relating to a 1980 project on Highway 1194 in front of Plaintiffs' property. Plaintiffs opposed DOTD's motion, alleging that material issues of fact remained

2

which precluded summary judgment. They attached to their opposition the deposition of James Clary, Sr., an engineer specializing in highway design, safety, maintenance, and signage, whom they had retained as an expert witness. Following a hearing, the trial court denied the DOTD's motion on the basis that genuine issues of fact remained.

In March of 2009, Plaintiffs filed their own motion for summary judgment on the issue of liability. They presented no additional evidence in support of their motion. The DOTD opposed Plaintiffs' motion, submitting the deposition of Kelley Adamson whom it had retained as an expert in the field of civil and structural engineering. It argued that Plaintiffs' motion should be denied because many issues of fact remained, including whether the DOTD owed Plaintiffs a duty to remove the subject driveway, whether Christine acted reasonably in carrying hot water at night over an area of her yard which she knew was dangerous, and the exact circumstances surrounding the accident. Following a hearing, the trial court granted summary judgment in favor of Plaintiffs, finding that they had met their burden of proof on the issue of liability.

The DOTD now appeals, asserting in its sole assignment of error that "[t]he trial court erroneously granted a partial summary judgment where defendant has alleged comparative fault and where deposition[s] were presented showing that plaintiff knew of the danger but carried a large boiler of hot water into an area prone to cave-ins."

**DISCUSSION**

Appellate courts review summary judgments de novo, using the same criteria applied by the trial courts to determine whether summary judgment is appropriate.

3

*Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730. A motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). Summary judgment is favored and shall be construed "to secure the just, speedy, and inexpensive determination of every action . . . ." La.Code Civ.P. art. 966(A)(2).

"DOTD has a duty to maintain the public highways in a condition that is reasonably safe for persons exercising ordinary care and reasonable prudence. La. R.S. 48:21(A)." *Brown v. La. Indem. Co.*, 97-1344, p. 3 (La. 3/4/98), 707 So.2d 1240, 1242. Moreover, in *Oster v. Dept. of Transp. and Dev., State of La.*, 582 So.2d 1285, 1291 (La.1991), the supreme court stated:

> As to the area off the shoulder of the road, but within the right of way, DOTD owes a duty to maintain the land in such a condition that it does not present an unreasonable risk of harm to motorists using the adjacent roadway or to others, such as pedestrians, who are using the area in a reasonably prudent manner.

In *Cole v. State ex rel. Dept. of Transp. & Dev.*, 99-912, p. 5 (La.App. 3 Cir. 12/22/99), 755 So.2d 315, 321, *writ denied*, 00-199 (La. 4/7/00), 759 So.2d 766, we stated:

> To hold [the] DOTD liable, the plaintiff has the burden of proving that:
>
> 1.  the defendant had custody of the property which caused plaintiff's damages;
>
> 2.  the property was defective because of a condition that created an unreasonable risk of harm;
>
> 3.  the defendant had actual or constructive knowledge of the defect and the risk and failed to take corrective measures within a reasonable time; and,

4

4.  the defect was a cause-in-fact and legal cause of the plaintiff's injuries.

*Odom v. State, Dep't of Transp. and Dev.*, 95-1605 (La.App. 3 Cir. 9/25/96); 688 So.2d 1082.

This court reversed the trial court's grant of a partial summary judgment on the issue of liability in favor of the plaintiff in *Benniefiel v. Zurich American Insurance Co.*, 08-1416, p. 6 (La.App. 3 Cir. 5/6/09), 10 So.3d 381, 386, finding that the evidence in the record "clearly create[d] a genuine issue of material fact relative to the issue of comparative fault which must go to the trier of fact and not be disposed of via summary judgment." We further noted that "'it is not a function of the trial court on a motion for summary judgment to determine or even inquire into the merits of issues raised or to weigh conflicting evidence on the existence of material facts.'" *Id.* at 385 (quoting *Bell v. Gold Rush Casino*, 04-1123, p. 7 (La.App. 3 Cir. 2/2/05), 893 So.2d 969, 973-74).

The parties appear to agree on the following facts. The driveway where the accident occurred was in existence when the Dauzats purchased their property in 1979. In August of 2003, Christine contacted Mr. Lemoine about a tree on her father's property that was partially blocking the view of anyone exiting his driveway. While Mr. Lemoine was out inspecting the tree, Christine, who lived across the street from her father, asked him to have a look at a culvert and driveway in front of her house on Highway 1194. The driveway ramp was badly eroded and culvert appeared to be in very bad shape. Mr. Lemoine explained to Christine that if she were to get a permit from the DOTD and supply a culvert and materials, his crew would dig out the old culvert and install the new one if their workload permitted. He also offered her the option of digging out the old culvert rather than replacing it; Christine turned

down the second option because she needed the old driveway to move her boat and tractor.

Thereafter, Christine contacted Mr. Lipsey about getting a driveway permit and he came out to her property with the permit paperwork. A permit was issued on August 21, 2003. It called for a thirty inch by thirty foot long culvert. At first, the permit specified that the Dauzats would supply a corrugated metal pipe culvert. Later, it was amended to reflect that the Dauzats would supply a reinforced concrete pipe culvert. The change was due to the fact that the Dauzats' son would be able to make the concrete culvert at his job and they wanted to give him the business. Christine contacted Mr. Lipsey again on October 15, 2003, to inform him that her son had delivered the concrete culvert and that she was ready to have it installed. When Mr. Lipsey came out to inspect the culvert, he discovered that it was thirty-six inches wide, instead of thirty inches wide as called for in the permit. As a result, he told Christine that the culvert could not be installed because it was too big. The Dauzats chose to let the permit expire rather than getting another culvert or having the old driveway and culvert removed. They stopped using the old driveway for tractors and other vehicles because it needed to be repaired.

On the other hand, the DOTD clearly alleged in its answer, and later in opposition to Plaintiffs' motion for summary judgment, that Christine was guilty of negligence in her decision to transport extremely hot water across her yard at night into an area known to be in an unsafe condition. In addition, numerous issues of material fact remain. For example, Christine stated in her deposition that Mr. Lipsey did not inspect the driveway and ditch when he came out to her property to issue a permit to replace the old culvert. On the other hand, Mr. Lipsey stated that he had

6

inspected the area on his visit to the Dauzat property. Christine and Mr. Lipsey also disagree on what size culvert he told her to get. Christine said that he told her it could be thirty inches or more but not less than that, while he said that he told her that it could not exceed thirty inches. Furthermore, there is an issue as to whether the culvert supplied by the Dauzats was defective, as Mr. Lipsey and Mr. Lemoine testified that it did not appear to be reinforced and the ends of each section were chipped and cracked such that they would not make a complete seal if connected to other sections of culvert. Additionally, there is disagreement amongst the various experts as to whether or not the DOTD guidelines called for the State to bring Highway 1194 up to current standards in conjunction with any or all of the various projects involving that roadway over the years. Moreover, there is conflicting testimony as to whether at any point prior to the accident the ditch in question was blocked such that the DOTD would have been required to rectify the situation to promote the safety of motorists and/or pedestrians traveling on Highway 1194 in front of Plaintiffs' property. Clearly the number of factual issues increased between the date of the trial court's denial of the DOTD's motion for summary judgment and the subsequent filing of Plaintiffs' motion for summary judgment.

After having reviewed all of the summary judgment evidence before us, we are convinced that genuine issues of material fact remain which cannot be properly disposed of via summary judgment. The trial court erred in granting Plaintiffs' motion for partial summary judgment on the issue of liability. This case must be remanded to the trial court for further proceedings to allow a jury to determine the multiple issues of fact that remain with regard to liability and damages.

7

**DECREE**

For the foregoing reasons, the judgment of the trial court is reversed and this matter is remanded for further proceedings. Costs of this appeal are assessed against Plaintiffs, Michael and Christine Dauzat.

**REVERSED AND REMANDED.**