STEWART, J.,
dissenting.
It Upon review of the record, I respectfully disagree with the majority opinion affirming the trial court’s granting of the defendants’ motions for summary judgment. Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to material fact and that the movant is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). A genuine issue of material fact is one as to which reasonable persons could disagree. Argonaut Great Cent. Ins. Co. v. Hammett, 44,308 (La.App.2d Cir.06/03/09), 13 So.3d 1209, writ denied, 09-1491 (La.10/02/09), 18 So.3d 122.
Moreover, summary judgment is seldom appropriate for determinations based on subjective facts of motive, intent, good faith, knowledge, or malice. Jones v. Estate of Santiago, 2003-1424 (La.4/14/04), 970 So.2d 1002; Hooker v. Wal-Mart Stores, Inc., 38,350 (La.App.2d *191 Cir.4/07/04), 870 So.2d 1131, writ denied, 2004-1420 (La.9/24/04), 882 So.2d 1142. One reason is that these subjective facts call for credibility evaluations and the weighing of testimony. Hooker, supra; Oaks v. Dupuy, 32,070 (La.App.2d Cir.8/18/99), 740 So.2d 263, writ not considered, 99-2729 (La.11/24/99), 750 So.2d 993. Furthermore, the circumstantial evidence usually necessary for proof of motive or intent requires the trier-of-fact to choose from competing inferences, a task not appropriate for a summary judgment ruling. Hooker, supra.
In the present case, genuine issues of material fact remain as to whether the parties intended to transfer the mineral rights. First, the |2Arbuckle Deed appears to be ambiguous. A contract is ambiguous when either: (1) it lacks a provision bearing on an issue, (2) the terms of the contract are susceptible to more than one interpretation, (3) there is uncertainty or ambiguity as to its provisions, or (4) the intent of the parties cannot be ascertained from the language employed. Dixie Campers, Inc. v. Vesely Company, 398 So.2d 1087 (La.1981).
Here, uncertainty or ambiguity results from the first page “subject to” language and the second page “quitclaim” language of the deed. The former purports to be subject to prior mineral reservations, while the latter does not mention minerals or mineral reservations. As such, the clauses are mutually inconsistent, or, at the least, confusing.
In addition, Plummer’s statements are likewise inconsistent and confusing. In 2006, he concluded that Franklin had reserved mineral rights to the property in question, whereas, at his deposition in 2011, Plummer claimed to have only reviewed the first page of the deed. Plum-mer’s alleged failure to review the second page of the deed containing the quitclaim language resulted in his request for an amendment of the contract, though the amendment was never executed. It is also possible that Plummer did review the second page of the deed but did not believe it transferred Franklin’s mineral rights, as mineral rights were never discussed in negotiations.
The majority acknowledges that the proposed amendment of the contract recognized Franklin’s ownership of the mineral rights and agreement to prohibit drilling on the property. Furthermore, Plummer’s initial concern at the time of the Arbuckle Deed stemmed from whether the ptrust conveyance complied with Louisiana formality requirements, not whether Franklin intended to transfer his mineral rights. This inconsistency between Plummer’s actions preceding this suit and his deposition warrants a credibility determination that cannot be made on summary judgment.
Second, there is error as to the unintentional transfer of mineral rights. Error vitiates consent only when it concerns a cause without which the obligation would not have been incurred and that cause was known or should have been known to the other party. La. C.C. art. 1949. Error may concern a cause when it bears on the nature of the contract, or the thing that is the contractual object or a substantial quality of that thing, or the person or the qualities of the other party, or the law, or any other circumstance that the parties regarded, or should in good faith have regarded, as a cause of the obligation. La. C.C. art. 1950.
Cause is the reason why a party obligates himself. La. C.C. 1967. Here, Franklin’s reason for obligating himself was to confirm the conveyance of the land held by the trust. Both parties knew or should have known of this principal cause because Plummer’s correspondence with Franklin raised issues concerning whether *192 the trust was properly conveyed. This constituted a mutual error.
In cases of mutual error, the error might be said to consist of a wrong belief shared by both parties. Peironnet v. Matador, 47,190 (La.App.2d Cir.8/1/12), 103 So.3d 445. With such mutual mistake, the cause of each of the reciprocal obligations of the parties is in error and the contract is a nullity. Id. Here, Franklin and his attorney were under the impression that the quitclaim language sufficed to reserve the mineral rights as well as clear |4up ambiguity about whether the trust owned the land. Arbuckle stated in his deposition that mineral reservations were never mentioned in negotiations and his conduct following the sale demonstrates he believed Franklin still owned the minerals. It was only after Arbuckle sought to lease the minerals that he claimed he intended to purchase “whatever they owned” in the original transaction. However, this negates Arbuckle’s reasoning for buying the property, that being to build a house.
In the alternative, genuine issues of material fact exist with respect to unilateral error. Error can result in the annulment of a contract, or its partial rescission in a reformation action, when the consent of either one or both of the parties is vitiated by mistake. La. C.C. art. 1949. Here, the error is a result of the ambiguous language in the Arbuckle Deed. As mentioned above, Franklin and his attorney believed the language on the second page of the deed sufficed to reserve the mineral rights, not realizing the quitclaim language was insufficient. Again, the mineral rights were never discussed in negotiations and as such, Franklin’s reliance on the conveyance of the trust resulted in error.
Testimonial or other evidence may, in the interest of justice, be admitted to prove such circumstances as a vice of consent or to prove that the written act was modified by a subsequent and valid oral agreement. La. C.C. art. 1848. Here, the allegations of the lack of discussion of mineral rights in negotiations, the deposition testimony and the correspondence between the parties all suggest that Franklin intended to preserve his mineral reservations, not transfer them with the trust property.
| ^Moreover, the defendants’ reliance on Scoggin v. Bagley, 368 So.2d 763, (La.App. 2d Cir.1979) in support of Franklin’s experience with mineral reservations, raising the defense of contractual negligence, is improper. The confusion lies with the quitclaim language, not Franklin’s experience with mineral reservations.
The burden, here, only requires that the defendants should have known plaintiffs cause or reason. Peironnet, supra. Thus, the above reasons preclude summary judgment. Therefore, I dissent.