ON REHEARING
Before BROWN, C.J., STEWART, LOLLEY, MOORE & PITMAN, JJ.
PITMAN, J.
|,In the original opinion, this Court affirmed the trial court’s judgment granting motions for summary judgment in favor of Defendants, Rodney Arbuckle and Carol Arbuckle (land purchasers), Camterra Resources Partners, Inc., and Petrohawk Properties, L.P., and against Plaintiff, Claudia Franklin, and Intervener, George Franklin. This Court originally found that a deed of the surface rights signed by Plaintiff in Intervention, George Franklin as Trustee of the Franklin Educational Trust, coupled with a quitclaim deed signed by Franklin in his individual capacity, conveyed to the Arbuckles mineral interests he had previously reserved. The Franklins applied for rehearing, which was *193 granted. Upon further consideration, we reverse and remand.
On appeal, summary judgments are reviewed de novo; thus, appellate courts ask the same questions the trial court does in determining whether summary judgment is appropriate, i.e. whether there is any genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. Summary judgment is seldom appropriate for determinations based on subjective facts of motive, intent, good faith, knowledge or malice. Jones v. Estate of Santiago, 03-1424 (La.4/14/04), 870 So.2d 1002; Hooker v. Wal-Mart Stores, Inc., 38,350 (La.App.2d Cir.4/07/04), 870 So.2d 1131, writ denied, 04-1420 (La.9/24/04), 882 So.2d 1142. One reason is that these subjective facts call for credibility evaluations and the weighing of testimony. Hooker, supra; Oaks v. Dupuy, 32,070 (La.App.2d Cir.8/18/99), 740 So.2d 263. Furthermore, the circumstantial evidence usually necessary for proof of motive or intent requires the trier of fact to choose |2from competing inferences, a task not appropriate for a summary judgment ruling. Hooker, supra.
Courts are bound to give legal effect to all written contracts according to the true intent of the parties, and this intent is to be determined by the words of the contract when these are clear, explicit and lead to no absurd consequences. La. C.C. art. 2046. Although a contract is worded in general terms, it must be interpreted to cover only those things it appears the parties intended to include. La. C.C. art. 2051. A doubtful provision must be interpreted in light of the nature of the contract, equity, usages, the conduct of the parties before and after the formation of the contract and of other contracts of a like nature between the same parties. La. C.C. art. 2053.
Parol or extrinsic evidence is generally inadmissible to vary the terms of a written contract unless the written expression of the common intention of the parties is ambiguous. A contract is considered ambiguous on the issue of intent, and parol evidence is admissible, when either it lacks a provision on that issue, the terms of the written contract are susceptible to more than one interpretation, there is uncertainty or ambiguity as to its provisions or the intent of the parties cannot be ascertained from the language employed. Whether a contract is ambiguous, for purposes of determining whether parol evidence is admissible, is a question of law. Hendrick v. Patterson, 47,668 (La.App.2d Cir.1/16/13), 109 So.3d 475, writ denied, 13-0670 (La.4/26/13), 112 So.3d 849.
The Arbuckle Deed is ambiguous. Uncertainty or ambiguity results from the first page “subject to” language and the second page “quitclaim” language of the deed. The former purports to be subject to the prior |srecorded mineral reservation, while the latter does not mention minerals or mineral reservations. As such, the clauses are mutually inconsistent, or, at the least, confusing.
According to the evidence present in the record, there was no discussion in negotiations between the parties about the conveyance of mineral rights, nor was any explanation given as to why Mr. Franklin was asked to execute the Arbuckle Deed in his individual capacity. However, the lack of negotiations about the mineral rights does not imply that they were to be conveyed. No one raised any question about Franklin’s mineral ownership. In fact, the initial concern dealt only with whether the trust conveyance complied with Louisiana formality requirements after the Arbuck-les’ attorney reviewed only the first page of the deed.
*194 The evidence shows that there was confusion with the quitclaim language regarding the effect of the Arbuckle Deed, which continued to exist as late as 2006, coincidentally, when there was an increased interest in minerals per the development of the Haynesville Shale. In 2006, the Ar-buckles’ attorney contacted Mr. Franklin to express Mr. Arbuckle’s worries about the possible disruption of use of the surface property if Mr. Franklin leased the mineral rights. The implication of this communication was that, even at that time, the Arbuckles believed Mr. Franklin owned the mineral rights to the property.
Clearly, genuine issues of material fact remain regarding proof of motive or intent in the contract, which requires the trier of fact to choose from competing inferences, and the genuine issues of material fact make this case inappropriate for summary judgment.

\ «CONCLUSION

For the foregoing reasons, rehearing is granted in favor of Plaintiff, Claudia Simone Franklin, and Intervener, George S. Franklin, Jr., and against Defendants, Rodney and Carol Arbuckle, Camterra Resources Partners, Inc. and Petrohawk Properties, L.P. The judgment of the trial court is hereby reversed, and this matter is remanded to the trial court for further proceedings consistent with this opinion. Costs are assessed against Defendants, Rodney and Carol Arbuckle, Camterra Resources Partners, Inc. and Petrohawk Properties, L.P.
REVERSED AND REMANDED.
BROWN, C.J., dissents with written reasons.
LOLLEY, J., dissents for the reasons assigned by BROWN, C.J.