# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## WCA 05-11


**ALTAIR STRICKLAND**

**VERSUS**

**RONALD DOYLE**


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 04-1548
CHARLOTTE A. L. BUSHNELL, WORKERS' COMPENSATION JUDGE

**********

## JOHN D. SAUNDERS
## JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, and Glenn B. Gremillion, Judges.

**REVERSED AND REMANDED.**

Marcus Miller Zimmerman
Attorney at Law
4216 Lake Street
Lake Charles, LA 70605
(337) 474-1644
Counsel for Defendant/Appellant:
Ronald Doyle

Robert Timothy Lorio
Rabalais, Unland, etc.
5100 Village Walk #300
Covington, LA 70433
(985) 893-9900
Counsel for Plaintiff/Appellee:
Altair Strickland

**SAUNDERS, J.**

This case revolves around the workers' compensation judge's decision to grant Altair Strickland's motion for summary judgment. Finding that the workers' compensation judge incorrectly granted the motion for summary judgment, we reverse and remand.

**FACTS**

On August 31, 1999, Ronald Doyle, the claimant/appellant, allegedly suffered a work-related injury when he slipped and fell while stepping on a scaffold board at work. At the time of injury, Mr. Doyle was employed by the appellee, Altair Strickland, who began paying temporary total disability benefits to the him soon after the accident.

Mr. Doyle sought treatment for the work-related injury from Dr. Gunderson, who subsequently determined the claimant was disabled. On September 30, 2003, Dr. Sweeney, an orthopaedic surgeon and the employer's choice of physicians, evaluated Mr. Doyle. Subsequently, an Independent Medical Examiner was appointed by the Office of Workers' Compensation and, on January 22, 2004, Dr. Gregory Gidman, an orthopaedic specialist, evaluated Mr. Doyle. Neither, Dr. Sweeney nor Dr. Gidman, linked Mr. Doyle's inability to work to his work-related injury.

The employer filed a motion for summary judgment and, at the hearing, introduced Dr. Sweeney's and Dr. Gidman's medical reports and excerpts of Mr. Doyle's deposition. Dr. Gunderson's report was never introduced and the workers' compensation judge granted the motion for summary judgment.

**PROCEDURAL FACTS**

Mr. Doyle was allegedly injured on August 31, 1999. On March 15, 2004, the

employer filed a Disputed Claim for Compensation (Form 1008) with the Office of Workers' Compensation disputing any ongoing disability or injury causally related to the subject accident. On May 10, 2004, the employer filed a motion for summary judgment in the Office of Workers' Compensation. On September 21, 2004, the workers' compensation judge granted the employer's motion. Mr. Doyle timely filed a devolutive appeal on October 21, 2004.

**ASSIGNMENT OF ERROR**

The workers' compensation judge erred in granting the employer's motion for summary judgment.

**LAW & ANALYSIS**

The proper standard of review for an appellate court considering summary judgment is de novo.

Appellate courts review summary judgments *de novo.* It is well established that a summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.

*Alfred Palma, Inc., v. Crane Servs. Inc.,* 03-0614, p. 3 (La.App. 3 Cir. 11/5/03), 858 So.2d 772, 774 (citation omitted); La.Code Civ.P. art. 966. In addition, the Louisiana Supreme Court has provided guidance in determining when a fact is material.

A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. "[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." Simply put, a "material" fact is one that would matter on the trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits.

2

*Davis v. M&E Food Mart, Inc., No.2 d/b/a Market Basket,* 02-0585, p. 4 (La.App. 3 Cir. 10/30/02), 829 So.2d 1194, 1198 quoting *Smith v. Our Lady of the Lake Hosp., Inc.,* 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751.

**DISCUSSION**

Mr. Doyle argues that the workers' compensation judge incorrectly granted the employer's motion for summary judgment. Mr. Doyle contends that a bona fide dispute exists among the treating physicians as to the causation and the continuing disability of the work-related injury, and that resolving that dispute in a motion for summary judgment requires the judge to weigh evidence, which is an improper function in a motion for summary judgment. The employer argues that summary judgment was proper as all evidence favored it and Mr. Doyle failed to present any contradictory evidence.

The Louisiana Code of Civil Procedure Article 966 provides, in pertinent part, the relevant rules for a motion for summary judgment:

> (A)(2) The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends.

> (B) . . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is **no genuine issue as to material fact**, and that mover is entitled to judgment as a matter of law.

(Emphasis added). In addition, jurisprudence has firmly established the court's role in a motion for summary judgment.

> On a motion for summary judgment, a trial court must initially determine **whether the moving party's documents resolve all**

**material factual issues**. To satisfy this burden, the mover must meet a strict standard of showing that it is quite clear as to what is the truth and that there has been excluded any real doubt as to the existence of a genuine issue of material fact. **In considering whether a genuine issue exists, courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence.**

*Pritchard v. American Freightways Corp.,* 37,962, pp. 3-4 (La.App. 2 Cir. 12/10/03), 862 So.2d 476, 478 (emphasis added) (citations omitted). If in evaluating the evidence, the court considered the merits, made credibility determinations, evaluated testimony, or weighed evidence, summary judgment must be reversed.

In the present case, the employer moved for summary judgment and, at that time, offered into evidence the reports of Dr. Gregory Gidman, Dr. John Sweeney, and excerpts of Mr. Doyle's deposition. At no time was Mr. Doyle's physician's report (Dr. Gunderson) offered into evidence by either party. Both, medical opinions submitted by Drs. Sweeney and Gidman referred to Dr. Gunderson's medical report, but Dr. Gidman's report refers to Dr. Gunderson's report in detail. Dr.Gidman noted that:

> Dr. Gunderson states that at that time on January 20, 2000 [claimant] was previously disabled due to lower back complaints when he was involved in the motor vehicle accident of December 16, 1999 injuring his neck. Most of the medical records following that by Dr. Gunderson are related to his cervical spine. On February 28, 2000 he states that he has been following for his lower back pain radiating down the right leg. His activity is limited due to his CHF and emphysema. He was referred to physical therapy for his lumbar spine. He was also seen for his neck for the motor vehicle accident. On March 31, 2000 he sates that he followed him for his neck injury from the motor vehicle accident. He suggested he return to his preaccident status from the motor vehicle accident. He did not need surgery and he would see him back as needed. There is a letter dated November 4, 2003 from Dr. Gunderson to attorney Robert Lorio indicating that he has spinal stenosis above his previous solid fusion. He has never been able to medically undergo surgery because of his medical conditions with heart and lung problems. **It was his impression that his disability is related to the workman's**

4

**comp injury and not to his degenerative arthritis of the lumbar spine. He felt that the on-th-job injury aggravated the medical problems and preexisting pathology in his lumbar area.**

(Emphasis added).

Dr.Gidman's report also referred to Dr. Perry's medical evaluation of August 21, 2000, in which "Dr. Perry felt that [Mr. Doyle] did have severe stenosis at L3-L4 level above his previous fusion. He felt he needed surgical treatment for adequate decompression and possibly a fusion." Dr. Gidman's report alone establishes the existence of three differing medical opinions, thus, establishing that a genuine issue of material fact exists.

The references in the doctor's reports establish that a genuine issue of material fact exists as evidenced by the doctors' contrary opinions. Thus, this evidence should not have been weighed by the workers' compensation judge as the weighing of evidence has no place in a summary judgment proceeding. Accordingly, the motion for summary judgment is reversed.

**ASSIGNMENT OF ERROR NUMBER TWO**

The employer argues that Dr. Gunderson's report, which was attached to the Mr. Doyle's appellate brief, cannot be considered by this court. However, Mr. Doyle argues that the report was inadvertently omitted from the record.

Having reviewed the record, there is no evidence to support Mr. Doyle's contentions. In addition, La.Code Civ.P. art. 2164 provides, "The appellate court shall render any judgment which is just, legal and proper upon the record on appeal." *Smith v. Ieyoub,* 01-1517, p.4 (La.App. 3 Cir. 3/6/02), 809 So.2d 1256, 1259, states, "[f]urthermore, appellate briefs and attachments thereto are not part of the record on

5

appeal." Therefore, based on the Louisiana Code of Civil Procedure and jurisprudence, we are prohibited from evaluating Dr. Gunderson's report as it was not contained within the record.

**CONCLUSION**

Based on a review of the record, it is evident that a genuine issue of material fact exists. Therefore, the granting of the motion for summary judgment was improper, thus, we reverse and remand. Costs of this appeal are assessed to the employer/appellee, Altair Strickland.

**REVERSED AND REMANDED.**