STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

05-476

CLINTON L. JOHNSON

VERSUS

GOVERNMENT EMPLOYEES INSURANCE COMPANY A/K/A GEICO,
ET AL.

************

APPEAL FROM THE
ALEXANDRIA CITY COURT
PARISH OF RAPIDES, NO. 100,318
HONORABLE RICHARD E. STARLING, JR., JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of Glenn B. Gremillion, J. David Painter, and James T. Genovese,
Judges.

REVERSED.

John G. McLure
McLure & Pickels, LLP
901 6th Street
P.O. Box 1525
Alexandria, LA 71309-1525
COUNSEL FOR DEFENDANT/APPELLANT:
      American Century Casualty Company

Russell Potter
Stafford, Stewart & Potter
3112 Jackson Street
Alexandria, LA 71301
COUNSEL FOR DEFENDANTS/APPELLANTS:
      Government Employees Insurance Company and Barbara L. Nichols

**Scott M. Prudhomme**
**Wilbert J. Saucier, Jr., Inc.**
**826 Main Street**
**Pineville, LA 71361**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Clinton L. Johnson**

**Michael L. Glass**
**1733 White Street**
**Alexandria, LA 71301**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Clinton L. Johnson**

**GENOVESE, Judge.**

Defendant, American Century Casualty Company ("American Century"), appeals the judgment of the trial court granting Plaintiff, Clinton L. Johnson ("Johnson"), summary judgment on the issue of uninsured/underinsured motorist ("UM") coverage under the automobile liability policy issued by Defendant to Plaintiff. We reverse.

## FACTS

The instant litigation arises out of an automobile accident which occurred on February 6, 2004, between an automobile owned and operated by Plaintiff, and an automobile owned and operated by Defendant, Barbara L. Nichols ("Nichols"). Johnson filed suit against Nichols and her automobile liability insurance carrier, Governmental Employees Insurance Company ("GEICO"). American Century, Johnson's automobile liability insurance carrier, was also named as a Defendant under the uninsured/underinsured motorist ("UM") and medical payments coverage provisions of the policy.

American Century admitted issuing an automobile insurance policy to Johnson with liability coverage limits of 10/20/10. However, American Century denied UM and med-pay coverage under the policy. Johnson filed a motion for partial summary judgment on the issues of liability and liability coverage under the policy issued by GEICO. Additionally, Plaintiff's motion sought to have the UM rejection form of the American Century policy declared invalid. Plaintiff's motion for partial summary judgment was granted by the trial court. American Century appeals the granting of summary judgment in favor of Johnson invalidating the UM motorist rejection form.

## ISSUE

The sole issue presented for our review is whether the trial court erred in

1

finding that there was no genuine issue of material fact and that Plaintiff, as a matter of law, was entitled to UM coverage despite having signed a rejection of same.

## STANDARD OF REVIEW

Appellate courts review summary judgments *de novo* using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Richard v. Hall*, 03-1488 (La. 4/23/04), 874 So.2d 131; *Goins v. Wal-Mart Stores, Inc.*, 01-1136 (La. 11/28/01), 800 So.2d 783. The appellate court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). Despite the legislative mandate favoring summary judgments found at La.Code Civ.P. art. 966(A)(2), "factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor." *Willis v. Medders*, 00-2507, p. 2 (La. 12/8/00), 775 So.2d 1049, 1050; *Indep. Fire Ins. Co. v. Sunbeam Corp.*, 99-2181, 99-2257 (La. 2/29/00), 755 So.2d 226.

## LAW AND DISCUSSION

Evidence submitted in support of Plaintiff's motion for partial summary judgment included the UM rejection form at issue. It is not disputed that Johnson initialed the UM rejection form in the appropriate box rejecting uninsured motorist coverage under his minimal limits policy and that he signed the rejection form. Additionally, it is not disputed that the form meets the statutory requirements. Rather, Johnson argues that the coverage he requested under the policy was "full coverage" which he claims includes uninsured motorist coverage. An affidavit of Johnson and the deposition of Vanelia Lynn Bass ("Bass"), the insurance agent who

2

assisted Johnson in procuring coverage through American Century, were admitted into evidence in support of the motion for partial summary judgment.

Johnson telephoned Harland's Insurance Agency, where Bass is employed, prior to his arrival at the agency for the purpose of obtaining automobile insurance coverage on his new vehicle (truck). Upon his arrival at the agency, Johnson met with Bass and ultimately a policy of automobile insurance was issued to him by American Century. However, the circumstances involving the application process and the signing of the necessary documents are disputed by the parties.

Johnson contends that when he contacted Harland's Agency, he advised a representative that he wished to purchase "full coverage" insurance for his vehicle. He states that when he arrived at the agency he was presented with the insurance application and was instructed by Bass to sign and date the documents where indicated. Specifically with respect to the UM rejection form, Johnson states that when he was presented with the form, options one through four were already marked "N/A" and that the only option remaining was option five which rejected UM coverage.

Bass testified in her deposition that she did not have a one hundred percent recollection of the events. She was not certain if Johnson had called the agency prior to his arrival. However, Bass testified that the forms which Johnson executed would not have been pre-printed as he contends. The agent detailed in her deposition the process by which the necessary information is obtained from the individual seeking coverage and input into a computer rating software which generates the premium quotes for multiple insurance carriers. At that time, the individual chooses the carrier he or she desires (customarily one with the lowest quote). In the event that American Century is the insurer selected, the information already input into the rating software

3

is bridged over to the American Century program itself for the input of additional information on the customer. According to Bass' deposition, payment is required by the individual before the information is uploaded to American Century. This timely payment is required by the agency so that they are certain the individual wants that policy because, once the information is uploaded, the agency's account is "swept," meaning that there is actually an electronic transfer of funds whereby American Century receives the money from a Harland Agency account. It is not until the individual confirms the desired policy, and payment is made in accordance with the coverage provided, that the application is printed by the agent.

Bass further testified that the UM rejection form is generated and printed simultaneously with the insurance application. Only after these documents are printed, is the individual seeking coverage presented with any other paperwork. The answers verbally supplied by the customer to the agent are reflected on the printed documents. The blanks on the forms, which are completed by the agent upon questioning the customer, are typed and input into the computer. Thus, the selections of the customer are already filled in when the paperwork is presented for his execution. Therefore, according to Bass, when Johnson was presented with the printed UM rejection form, the indication "N/A" was already inserted in four of the five options regarding selection or rejection of UM coverage and amounts thereof. In the blank which remained unfilled, wherein UM coverage was rejected, it is not disputed that Johnson placed his initials.

The deposition of Bass also explains her procedure of reviewing the completed information with the customer as the documents are presented to them for signature. As she reviews information such as the listed driver, the liability coverage limits, and the comprehensive and collision deductibles, Bass places a circle on the information

4

with the customer looking at the document to indicate that she has asked the customer about this information and has reviewed it with him. Once this is done, the customer signs in the appropriate places. Johnson's application for insurance with American Century contains the handwritten circles discussed by Bass indicating that he is the only listed driver, that the limits of liability coverage are 10/20/10, and that the deductible under the policy for collision and comprehensive coverage is five hundred dollars each. To the contrary, the section relating to UM coverage contains no circles on the form as there are no coverage limits indicated, nor is there a corresponding premium reflected.

After explaining the above procedure, as well as the steps which follow ultimately resulting in the individual leaving with his declarations page, payment coupons and proof of insurance card, Bass specifically testified that on the date that Johnson came into the agency, the package of documents was not pre-prepared and ready for execution when he arrived. She knew this to be true since the documents cannot be printed until the agency receives the down payment for the coverage.

As stated by this court in *Federated Rural Electric Insurance Corp. v. Gulf South Cable Inc.*, 02-852, pp. 4-5 (La.App. 3 Cir. 12/11/02), 833 So.2d 544, 546-47 (footnotes omitted)(alteration in original):

> In determining whether summary judgment is appropriate, our jurisprudence provides that:
>
>> [I]t is not the function of the trial court to determine or inquire into the merits of issues raised, and the trial court may not weigh the conflicting evidence on a material fact. If evidence presented is subject to conflicting interpretations, summary judgment is not proper.
>
>> . . . .
>
> Further,
>
>> Summary judgment may not be granted when

5

supporting and opposing documents reveal conflicting versions of the facts which may only be resolved by weighing contradicting testimony and assessing witness credibility.

Obviously, the testimony of Bass is factually disputed by the affidavit of Johnson. Additionally, aside from the testimony of Bass which is inconsistent with the affidavit of Johnson, Plaintiff himself claims on the one hand that he requested "full coverage," and yet on the other hand, he admits that he initialed and signed the UM rejection form.

This court has reviewed all of the evidence introduced on this issue in support of the motion for partial summary judgment, including Johnson's affidavit, Bass' deposition, the insurance application and the UM rejection form. Accordingly, we find that there is a genuine issue of material fact as to whether or not Johnson validly rejected UM coverage with American Century by making a meaningful selection with respect to UM coverage. The trier of fact will have to weigh contradictory testimony and assess witness credibility. Accordingly, we find that the trial court erred in granting Plaintiff's motion for partial summary judgment on the issue of UM coverage.

Costs of this appeal are assessed against Clinton L. Johnson.

**REVERSED.**