STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT


09-177


CHARLOTTE BROUSSARD, ET AL.

VERSUS

HERTZ EQUIPMENT RENTAL CORPORATION, ET AL.

**********
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 04-6886
HONORABLE RICK BRYANT, PRESIDING
**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Sylvia R. Cooks, Oswald A. Decuir, J. David Painter, James T. Genovese, and Shannon J. Gremillion, Judges.

Gremillion, J., concurs and assigns written reasons.
Cooks, J., dissents and assigns written reasons.


REVERSED AND REMANDED.

Joe A. Brame
Brame & McCain
426 Kirby Street
Lake Charles, LA 70601
(337) 439-4571
COUNSEL FOR APPELLANT:
    Hertz Equipment Rental Corporation

**Brian L. Coody**
**Stockwell, Sievert, Viccellio, Clements & Shaddock, L.L.P.**
**P.O. Box 2900**
**Lake Charles, LA 70602**
**(337) 436-9491**
**COUNSEL FOR APPELLEE:**
    **Firestone Polymers, LLC**

**GENOVESE, Judge.**

In this personal injury case, the Defendant, Hertz Equipment Rental Corporation (Hertz), appeals the trial court's grant of summary judgment in favor of Firestone Polymer, LLC (Firestone), dismissing its third party claim against Firestone for defense and indemnity. For the following reasons, we reverse the trial court judgment and remand the matter to the trial court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On December 7, 2003, Charlotte Broussard was involved in an accident while operating a pallet jack (a walking forklift) owned by Hertz and rented to Firestone. The accident occurred while Ms. Broussard was in the course and scope of her employment with Firestone.

A personal injury lawsuit was filed by Ms. Broussard for the injuries she suffered in the accident. Named as a Defendant was Hertz as the renter of the pallet jack forklift ("forklift") to Firestone. Firestone, as Ms. Broussard's employer, was immune from tort liability by virtue of the exclusive remedy provisions of the Louisiana Workers' Compensation Act.

The forklift was rented by Firestone from Hertz in 2001. Marsha Reed, who was a member of Firestone's purchasing department, negotiated a verbal lease with Hertz for the rental of the forklift. That verbal agreement did not contemplate any indemnification by Firestone on behalf of Hertz. Shortly after terms were agreed upon, Firestone sent a purchase order to Hertz which contained an indemnification and hold harmless agreement; however, the purchase order was never signed by Hertz. Nevertheless, Hertz did deliver the equipment to Firestone's facility.

When the forklift was delivered by Hertz to Firestone, the delivery man for Hertz requested that D.J. Pickle, who was a Firestone warehouse clerk, sign what

Hertz referred to as a "rental contract" that contained canned indemnification language on the reverse side. Mr. Pickle testified that he believed he was simply signing a packing slip to acknowledge receipt of the delivery. He stated that this was the usual practice when receiving equipment. He maintained that he did not read the document that he had signed and, in any event, did not believe that he had the authority to sign contracts for Firestone.

Prior to the accident date, Firestone had signed a National Account Agreement ("NAA") with Hertz which was in effect at the time of the accident. Hertz notes the following language in the NAA:

EQUIPMENT RENTALS UNDER THIS AGREEMENT ARE SUBJECT TO THE TERMS OF THE HERTZ RENTAL AGREEMENT . . . IN EFFECT AT THE TIME AND PLACE OF RENTAL.

Hertz argues that the NAA binds Firestone to defend and indemnify Hertz with regard to Ms. Broussard's claim. Specifically, it argues that, by signing the NAA, the language on the reverse side of the document presented to Mr. Pickle bound Firestone to indemnify Hertz. Firestone countered that there was no language in the NAA which referred to any written contract that would be binding upon Firestone and that there was no indemnification language in the agreement. Firestone argues that the NAA merely referred to Firestone being bound by future contracts, whether oral or written, and contained only references to the pricing that would apply.

Ms. Broussard filed her petition for damages in 2004. It was not until September 28, 2006, that Hertz filed a Third Party Petition against Firestone, seeking a defense and indemnity. Hertz then filed a motion for summary judgment seeking an order of court requiring Firestone to provide it with a defense and indemnity.

Firestone then filed its own cross-motion for summary judgment, seeking a dismissal of Hertz's Third Party Petition.

Firestone maintained that a full rental agreement had been agreed to by the parties prior to the delivery of the forklift and that both parties verbally agreed that Hertz would indemnify Firestone should an accident occur resulting in an employee of Firestone filing a claim for damages against it. Firestone argued that there was a prior verbal agreement, and, therefore, the NAA would not bind it to the written agreement allegedly signed by its representative at the time of the delivery of the forklift. Firestone argued that no indemnification or hold harmless agreement was ever sent to Marsha Reed to review or negotiate, nor was any compensation ever offered to Firestone to provide a hold harmless agreement.

At the hearing on the cross-motions for summary judgment, the trial court ruled that there was not an "actual meeting of the minds" on the issue of indemnification and gave the following reasoning for reaching its judgment:

> I don't believe there was any intent on the part of Firestone to agree to this particular condition in the contract. In fact, I think it's evidenced by the fact that [Marsha Reed] sent a contract out seeking indemnification from Hertz for injuries caused by their equipment. I just can't believe that they would – even though it's in the contract, to ever agree to indemnify a rental company for injuries caused by that rental company's equipment. That just flies in the face of logic. So I just can't believe there was that agreement.

Based on that reasoning, the trial court denied Hertz's motion for summary judgment. The trial court granted Firestone's motion for summary judgment and dismissed Hertz's third-party petition. Hertz has appealed the trial court's judgment herein.

## ASSIGNMENTS OF ERROR

Hertz has presented a number of assignments of error, basically alleging that the trial court erred in denying its motion for summary judgment and erred in granting

Firestone's motion for summary judgment.

Though counsel for Hertz, in its brief, seeks a judgment on appeal granting it a defense and indemnity from Firestone, that issue is not properly before this court. Hertz may not appeal the denial of its motion for summary judgment against Firestone. It is an interlocutory judgment, as correctly set forth in the trial court judgment, and is, therefore, not appealable. La.Code Civ.P. art. 968; La.Code Civ.P. art.1915; *Alfred Palma, Inc. v. Crane Services, Inc.*, 03-614 (La.App. 3 Cir. 11/5/03), 858 So.2d 772.

We will, however, address Hertz's assignment of error asserting that the trial court erred in granting Firestone's motion for summary judgment.

## STANDARD OF REVIEW

This court recently stated the following with regard to the standard of review applicable to an appeal of the grant of a motion for summary judgment:

> A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Duncan v. U.S.A.A. Ins. Co.*, 2006-363[,] p. 3 (La. 11/29/06), 950 So.2d 544, 546, *see* [La.Code Civ.P.] art. 966. A summary judgment is reviewed on appeal *de novo*, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; i.e. whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. *Wright v. Louisiana Power & Light*, 2006-1181[,] p. 17 (La. 3/9/07), 951 So.2d 1058, 1070; *King v. Parish National Bank*, 2004-0337[,] p. 7 (La. 10/19/04), 885 So.2d 540, 545; *Jones v. Estate of Santiago*, 2003-1424[,] p. 5 (La. 4/14/04), 870 So.2d 1002, 1006.
>
> *Samaha v. Rau*, 07-1726, pp. 3-4 (La. 2/26/08), 977 So.2d 880, 882-83 (footnote omitted).

*Benniefiel v. Zurich Am. Ins. Co.*, 08-1416, p. 4 (La.App. 3 Cir. 5/6/09), 10 So.3d 381, 384.

-4-

Hertz argues that the trial court erred in not finding that the rental agreement in effect was the "rental contract" signed by D.J. Pickle at the time of the delivery of the forklift. Hertz contends that the NAA supports this conclusion, providing that "equipment rentals under this agreement are subject to the terms of the Hertz rental agreement . . . in effect at the time of the rental." Hertz argues that the trial court erred in disregarding the NAA; and, since the NAA was the only contract that was signed by both parties, it should be given effect.

We find that the trial court did not disregard the NAA; instead, it disagreed with Hertz that the form "rental contract" presented to D.J. Pickle, a Firestone warehouse clerk, was sufficient to alter the previous oral contract reached by the parties. The testimony of Marsha Reed established that the parties reached a verbal agreement on the rental of the forklift. A purchase order was sent by Firestone to Hertz with the terms that were orally agreed upon. Although Hertz did not sign the purchase order, it nonetheless delivered the forklift to Firestone's premises. Ken Welsh, Hertz's sales representative in the negotiations with Marsha Reed, acknowledged that Hertz would not have delivered the forklift until an agreement had been reached. No further contact was made with Marsha Reed to discuss any indemnification language or hold harmless agreement.

The trial court also noted there was nothing in the NAA specifically referring to any "written agreement" that would apply to any future rental agreements. The only reference in the NAA was the general reference to the "rental agreement . . . in effect at the time and place of rental." The trial court concluded that the "rental agreement . . . in effect at the time and place of rental" was the verbal agreement

negotiated by Marsha Reed. The trial court found that the "rental contract" presented at the time of delivery of the equipment, which contained a defense and indemnity clause, was not a valid contract because there was no "meeting of the minds."

Throughout its oral reasons for judgment, the trial court repeatedly referred to the phrase "meeting of the minds." The trial court stated, "I just can't see that there was an actual meeting of the minds on this issue . . . . So I just don't think there was an agreement, a meeting of the minds." The trial court also considered the "intent" of the parties wherein it stated, "I don't believe there was any intent on the part of Firestone to agree to this particular condition in the contract."

Pertinent to our appellate review in this matter is the following cautionary language contained within the jurisprudence relative to summary judgments in certain cases:

> In determining whether summary judgment is appropriate, our jurisprudence provides that:
>
> > [I]t is not the function of the trial court to determine or inquire into the merits of issues raised, and the trial court may not weigh the conflicting evidence on a material fact. If evidence presented is subject to conflicting interpretations, summary judgment is not proper.
>
> > . . . .
>
> Further,
>
> > Summary judgment may not be granted when supporting and opposing documents reveal conflicting versions of the facts which may only be resolved by weighing contradicting testimony and assessing witness credibility.

*Johnson v. Gov't Employees Ins. Co.*, 05-476, pp. 5-6 (La.App. 3 Cir. 11/2/05), 916 So.2d 451, 454 (quoting *Federated Rural Elec. Ins. Corp. v. Gulf South Cable Inc.*, 02-852, pp. 4-5 (La.App. 3 Cir. 12/11/02), 833 So.2d 544, 546-47 (footnotes

-6-

omitted)). "If in evaluating the evidence, the court considered the merits, made credibility determinations, evaluated testimony, or weighed evidence, summary judgment must be reversed." *Strickland v. Doyle*, 05-11, p. 4 (La.App. 3 Cir. 4/6/05), 899 So.2d 849, 852, *writ denied*, 05-1001 (La. 6/3/05), 903 So.2d 466.

Our supreme court, in *S.J. v. Lafayette Parish Sch. Bd.*, 2006-2862, p. 5 (La. 6/29/07), 959 So.2d 884, 887, has stated:

> Even though summary judgment is now favored, it is not a substitute for trial on the merits, and it is inappropriate for judicial determination of subjective facts, such as motive, intent, good faith or knowledge that call for credibility evaluations and the weighing of the testimony. *Chivleatto v. Sportsman's Cove, Inc.*, 05-136, p. 6 (La.App. 5 Cir. 6/28/05), 907 So.2d 815, 819. The trial judge cannot make credibility calls on a motion for summary judgment, but must draw those inferences from the undisputed facts which are most favorable to the party opposing the motion for summary judgment. *See Independent Fire Insurance Company v. Sunbeam Corporation*, 99-2257 (La.2/29/00), 755 So.2d 226.

In the instant case, as evidenced by the oral reasons for judgment, the trial court made a judicial determination based upon intent and a "meeting of the minds." Said judicial determination inherently calls for credibility evaluations and the weighing of testimony, which is prohibited in summary judgment proceedings. Therefore, the trial court's grant of summary judgment in favor of Firestone must be reversed and the matter remanded for further proceedings consistent herewith.

## DECREE

For the reasons set forth above, the judgment of the trial court granting the motion for summary judgment filed by Firestone Polymers, LLC, is reversed. The matter is remanded to the trial court for further proceedings consistent herewith. Costs of this appeal are assessed against Firestone Polymers, LLC.

**REVERSED AND REMANDED.**

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**


**09-177**


**CHARLOTTE BROUSSARD, ET AL.**

**VERSUS**

**HERTZ EQUIPMENT RENTAL CORPORATION, ET AL.**


**COOKS, J., dissenting.**

I would affirm the trial court's grant of summary judgment in favor of Firestone.

CHARLOTTE BROUSSARD, ET AL.

VERSUS

HERTZ EQUIPMENT RENTAL CORPORATION, ET AL.

**GREMILLION, Judge, concurring.**

I agree with the majority that the summary judgment in favor of Firestone was improvidently granted. I further agree with the majority that the trial court should not have made a credibility determination regarding the intent of the parties. The majority goes on to conclude, however, that such a credibility determination (i.e. whether there has been a "meeting of the minds") would be appropriate at trial. I disagree.

The two writings at issue here (a "rental contract" and a "national account agreement") are both signed, and they are both clear and unambiguous. The critical document here was signed by Firestone's employee, Mr. Pickle. Louisiana law is very clear that the fact that Mr. Pickle did not read the document is of no moment. *Aguillard v. Auction Mgt. Corp.*, 04-2804, 04-2857, (La. 6/29/07), 908 So.2d 1. A party is bound by what he signs unless there exists some vice of consent. *See La. Civ. Code art 1948, et seq.* There is no evidence that such a vice existed. Thus, I disagree with the majority opinion to the extent that it suggests that the proper question for trial is whether the parties intended to be bound. That suggestion assumes that signatures mean nothing.

However, there does appear an issue of fact as to whether Mr. Pickle was an authorized agent for Firestone when he signed the documents on his employer's

behalf.  I, therefore, concur.