STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-1271

LAWRENCE JOHN HARRY

VERSUS

DIAMOND B MARINE SERVICES, INC.,
DIAMOND B INDUSTRIES, L.L.C.,
CENTURY EXPLORATION NEW ORLEANS, INC[.]
AND CENTURY EXPLORATION HOUSTON, INC.

************

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 106,944, DIV. "G"
HONORABLE CHARLES L. PORTER, DISTRICT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of Sylvia R. Cooks, James T. Genovese, and David E. Chatelain,*
Judges.

REVERSED.

Clé Simon
Barry L. Domingue
Simon Law Offices
122 Representative Row
Post Office Box 52242
Lafayette, Louisiana 70505
(337) 232-2000
COUNSEL FOR PLAINTIFF/APPELLANT:
    Lawrence John Harry

_____
    *Honorable David E. Chatelain participated in this decision by appointment of the Louisiana
Supreme Court as Judge Pro Tempore.

**Richard K. Leefe**
**Michael R. Gelder**
**Leefe Gibbs Sullivan Dupré & Aldous**
**Suite 1470, 3900 No. Causeway Blvd.**
**Metairie, Louisiana 70002**
**(504) 830-3939**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
  **Century Exploration New Orleans, Inc. and**
  **Century Exploration Houston, Inc.**

**John Blackwell**
**Post Office Box 10051**
**New Iberia, Louisiana 70562-0051**
**(337) 367-8517**
**COUNSEL FOR DEFENDANT/APPELLEE:**
  **Diamond B Marine Services, Inc. and**
  **Diamond B Industries, L.L.C.**

**Frank X. Neuner, Jr.**
**Daniel J. Poolson, Jr.**
**Laborde & Neuner**
**Post Office Box 52828**
**One Petroleum Center, Suite 200**
**1001 West Pinhook**
**Lafayette, Louisiana 70503**
**(337) 237-7000**
**ATTORNEY FOR DEFENDANT/APPELLEE:**
  **AGR Petroleum Service, Inc.**

**Charles A. Mouton**
**Mahtook & LaFleur**
**Post Office Box 3089**
**Lafayette, Louisiana 70502**
**(337) 266-2189**
**ATTORNEY FOR DEFENDANT/APPELLEE:**
  **Parker Drilling Offshore USA, L.L.C.**

**Dan Boudreaux**
**Keith R. Giardina Law Offices**
**9100 Bluebonnet, Suite 300**
**Baton Rouge, Louisiana 70809**
**(225) 293-7272**
**ATTORNEY FOR DEFENDANT/APPELLEE:**
  **Liberty Mutual Insurance Company**

**Thomas Gordon O'Brien**
**Adams and Reese, L.L.P.**
**4500 One Shell Square, Suite 1470**
**New Orleans, Louisiana 70139**
**(504) 581-3234**
**ATTORNEY FOR DEFENDANT/APPELLEE:**
  **James Rivers Insurance Company**

**GENOVESE, Judge.**

In this maritime action, Plaintiff, Lawrence John Harry, and Defendants, Century Exploration New Orleans, Inc. and Century Exploration Houston, Inc. (collectively Century), appeal the trial court's grant of summary judgment in favor of Defendants, Diamond B Marine Services, Inc. and Diamond B Industries, L.L.C. (collectively Diamond B). For the following reasons, we reverse.

## FACTS

Mr. Harry alleges that on February 23, 2005, while working at the Herald Hodges Lee #1 well site in Bayou Postillion in Iberia Parish, he was injured while in the course and scope of his employment as a compact memory log operator with "Reeves Wireline Services, Inc. (Precision Energy)" (Reeves). The well site was owned by Century and was managed by AGR Group Petroleum Services, Inc., formerly known as the Occidental Peak Group, Inc. (AGR). Diamond B provided the tugboat and crew to tow a wireline barge loaded with a wireline truck to the well site. Diamond B then moored the wireline barge to the chemical barge already at the well site.

Mr. Harry initially instituted this litigation against Century and Diamond B, alleging that his injuries were caused by the unseaworthy condition of the barge and/or the negligence of these Defendants. Mr. Harry supplemented his pleadings to also assert negligence claims against Defendant, Parker Drilling Offshore USA, L.L.C. (Parker), which "had contracted with . . . Century, to provide and was providing labor, materials, equipment[,] and services for the well site."[1]

On March 26, 2009, Diamond B filed a Motion for Summary Judgment, asserting that:

[T]here is no genuine issue of material fact in dispute and defendants are

---

[1]Additional claims were filed by these parties, and additional entities also became parties to the litigation; however, these claims are not pertinent to the present appeal.

entitled to a judgment of dismissal with prejudice as a matter of law on the grounds of that [sic] defendants breached no duty to the plaintiff and owed no duty to the plaintiff to intervene in the cargo operations of the drilling contractor being conducted on a barge which was not owned or under the control of the defendants.

Following a hearing on June 5, 2009, the trial court granted the Motion for Summary Judgment on behalf of Diamond B and issued Findings of Fact and Reasons for Judgment on Motion for Summary Judgment on June 16, 2009, along with a concomitant Judgment dated July 17, 2009. Mr. Harry and Century appeal.

## ASSIGNMENTS OF ERROR

Although Mr. Harry and Century delineate numerous assignments of error, essentially, both parties assert on appeal that the trial court erred in granting Diamond B's Motion for Summary Judgment when there were genuine issues of material facts and that the trial court erred in making impermissible factual determinations in a summary judgment proceeding.

## LAW AND DISCUSSION

Appellate courts review summary judgments *de novo* under the same criteria that governed the trial court's consideration of whether or not summary judgment was appropriate. Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law.

La.Code Civ.P. art. 966, [sic] charges the moving party with the burden of proving that summary judgment is appropriate. In doing so, the moving party's supporting documentation must be sufficient to establish that no genuine issue of material fact remains at stake. Once the mover makes a *prima facie*, [sic] showing that there is no genuine issue as to a material fact and that summary judgment should be granted, the burden shifts to the nonmover. Furthermore, La.Code Civ.P. art. 967 provides, in pertinent part:

When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleadings, but his responses by affidavits or otherwise provided above, must set forth specific

> facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
>
> The threshold question in reviewing a trial court's grant of summary judgment is whether a genuine issue of material fact remains. After which, we must determine whether reasonable minds could conclude, based on the facts presented, that the mover is entitled to judgment. Thus, summary judgment is apropos when all relevant facts are brought before the court, the relevant facts are undisputed, and the sole remaining issue relates to the legal conclusion to be drawn from the facts.
>
> Facts are material if they determine the outcome of the legal dispute. The determination of the materiality of a particular fact must be made in light of the relevant substantive law.

*Murphy's Lease & Welding Serv., Inc. v. Bayou Concessions Salvage, Inc.*, 00-978, pp. 4-5 (La.App. 3 Cir. 3/8/01), 780 So.2d 1284, 1287-88, *writ denied*, 01-1005 (La. 6/1/01), 793 So.2d 195 (footnotes omitted).

In the instant matter, the evidence introduced in connection with Diamond B's Motion for Summary Judgment includes excerpts of the depositions of Mr. Harry and Keith Broussard, the captain of the Diamond B tugboat. These depositions reveal factual discrepancies which are relevant to the issue of a duty, *vel non*, and breach thereof, on the part of Diamond B.

The Findings of Fact and Reasons for Judgment on Motion for Summary Judgment evidence the trial court's factual finding that Century and AGR had "exclusive control" over the chemical barge. Additionally, the trial court found that Diamond B "was responsible only for the delivery of the wireline barge to the well site, and asserted no further control over either barge, active or otherwise." This element of control, however, was clearly disputed in the deposition testimony.

According to Mr. Harry's deposition, he personally voiced complaints to Mr. Broussard about the debris on the chemical barge and the danger that it posed.

2

Additionally, Mr. Harry testified that, because of the debris on the chemical barge, he and the deckhand employed by Diamond B, Travis Barras, cleaned up some of the debris before his accident occurred. To the contrary, Mr. Broussard denied receiving any complaints about anything at the well site. He also testified that he did not recall instructing Mr. Barras to clean up the debris on the deck of the barge.

Given the testimony of Mr. Harry and Mr. Broussard, we find that there are genuine issues of material fact as to the awareness of Diamond B's employees, Mr. Broussard and Mr. Barras, as to the debris. Moreover, there is conflicting evidence as to whether Mr. Broussard directed Mr. Barras to assist in cleaning up the debris and the nature and extent of what was done. Whether Mr. Broussard acknowledged the allegedly dangerous condition, whether he directed Mr. Barras to assist in the cleanup efforts, and what actions may have been undertaken by Mr. Barras are factual determinations necessarily made by the trial court in reaching its conclusion that Diamond B did not assert control over the barge, "active or otherwise."

Mr. Harry and Century also argue on appeal that "[o]ne of the several factual issues . . . is whether Diamond B properly and safely moored the wireline barge to the chemical/mud barge." The trial court, in its Findings of Fact and Reasons for Judgment on Motion for Summary Judgment, stated as follows:

> Captain Broussard testified that the barges were moored to within approximately one (1) foot of each other, while Lawrence Harry failed to provide an estimate as to the distance between the barges at the time of his accident. Further, [Mr.] Harry failed to assert that the distance between the barges was unreasonably wide as a result of the failure to properly moor the barges, thereby resulting in his sustaining injuries. He merely concludes that the gap between the barges must have been too wide by the mere fact that he fell between the barges and almost went into the water.

3

However, we find from the summary judgment evidence that the mooring of the barge by Diamond B, and particularly the distance allowed to remain between the chemical barge and the wireline barge, was clearly disputed in the deposition testimony.

Diamond B does not dispute that it had the responsibility of properly securing the barge. Mr. Broussard testified that it was his responsibility to push the wireline barge to the well site and that his "deck hand ties it up" to the chemical barge already on location. He explained that he would watch from his wheelhouse while the deckhand would tie the barges, and if the gap left between the barges was greater than one foot, he would "ask him to change it" and to "close the gap as much as he can." According to Mr. Broussard's testimony, it was his estimation that, on this job site, the distance remaining between the two barges would have been "[a]bout a foot." Yet, this estimation differs from that of Mr. Harry. Mr. Harry agreed that the two barges "were tied to where they were supposed to be up against each other, but they weren't tight together." He explained that when he fell, he "fell in between the barges" and his "feet touched the water." It was Mr. Harry's testimony that he was able to grab on to the wireline barge to stop himself from completely falling into the water but, "definitely[,]" there was enough space for his body to fit between the two barges.

Thus, while Mr. Harry testified that the gap between the two barges was sufficiently large that when he fell, his entire body was able to fit between them, Mr. Broussard estimated that the distance between the two barges was only about one foot. This fact, which is clearly disputed, is also relevant to whether Diamond B breached its duty of safely securing the barges.

In determining whether summary judgment is appropriate, our jurisprudence cautions that:

4

> [I]t is not the function of the trial court to determine or inquire into the merits of issues raised, and the trial court may not weigh the conflicting evidence on a material fact. If evidence presented is subject to conflicting interpretations, summary judgment is not proper.
>
> . . . .
>
> Further,
>
> Summary judgment may not be granted when supporting and opposing documents reveal conflicting versions of the facts which may only be resolved by weighing contradicting testimony and assessing witness credibility.
>
> *Johnson v. Gov't Employees Ins. Co.*, 05-476, pp. 5-6 (La.App. 3 Cir. 11/2/05), 916 So.2d 451, 454 (quoting *Federated Rural Electric Ins. Corp. v. Gulf South Cable Inc.*, 02-852, pp. 4-5 (La.App. 3 Cir. 12/11/02), 833 So.2d 544, 546-47 (footnotes omitted)). "If in evaluating the evidence, the court considered the merits, made credibility determinations, evaluated testimony, or weighed evidence, summary judgment must be reversed." *Strickland v. Doyle*, 05-11, p. 4 (La.App. 3 Cir. 4/6/05), 899 So.2d 849, 852, *writ denied*, 05-1001 (La.6/3/05), 903 So.2d 466.

*Portie v. Flavin [Realty] Inc.*, 09-436, p. 4 (La.App. 3 Cir. 11/4/09), 22 So.3d 1143, 1146.

In the case at bar, we find that the deposition testimony of Mr. Harry conflicts with the deposition testimony of Mr. Broussard on genuine issues of material facts. When, as here, genuine issues of material facts remain, the matter is not ripe for summary judgment. For these reasons, the Motion for Summary Judgment must be reversed.

## DECREE

The judgment of the trial court granting summary judgment in favor of Defendants, Diamond B Marine Services, Inc. and Diamond B Industries, L.L.C., and dismissing the claims of Plaintiff, Lawrence John Harry, against them is reversed.

5

Costs of this appeal are assessed to Diamond B Marine Services, Inc. and Diamond

B Industries, L.L.C.

**REVERSED.**