NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-640

MARY ELBERSON

VERSUS

GEICO GENERAL INSURANCE COMPANY, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20114879
HONORABLE HERMAN C. CLAUSE, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Jimmie C. Peters, and James T. Genovese,
Judges.

REVERSED AND REMANDED.

**Cle' Simon**
**Carl Rachal**
**122 Representative Row**
**P. O. Box 52242**
**Lafayette, LA 70505**
**(337) 232-2000**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Mary Elberson**

**Stephen R. Barry**
**Daphne P. McNutt**
**405 West Main Street, Suite 101**
**Lafayette, LA 70501**
**(337) 237-2889**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **GEICO General Insurance Company**

**SAUNDERS, Judge.**

This is an appeal from the grant of a motion for summary judgment filed by an insurance company which purportedly provided underinsured/uninsured motorist coverage to the plaintiff. The insurance company paid the plaintiff the policy limits of its policy and moved for summary judgment.

The trial court granted the insurance company's motion. We find that the trial court impermissibly weighed evidence related to material facts. Thus, we reverse the grant of the motion for summary judgment and remand the case for further proceedings.

## FACTS AND PROCEDURAL HISTORY:

On August 23, 2010, Mary Elberson (Elberson) was involved in a rear-end collision with defendant, Sparkle Asberry (Asberry). The accident occurred in Lafayette Parish while both vehicles were on Pinhook Road. Asberry was insured by USAgencies Casualty Insurance Company (USAgencies). Elberson's vehicle was insured by Geico General Insurance Company (Geico).

On October 1, 2010, Elberson , through counsel, contacted Geico inquiring about uninsured/underinsured Motorist coverage (UM). That same day, Geico responded by forwarding "a copy of the most recent Declarations Page mailed to [Elberson]." The declarations page was for a policy that provided coverage for a period from September 10, 2010, through March 10, 2010. Further, Geico informed Elberson's counsel that it would attempt to obtain the adverse carriers information (USAgencies) and verify liability and coverage.

On October 5, 2010, Elberson's counsel again contacted Geico. In that communication, Elberson's counsel advised Geico that USAgencies was the adverse carrier. On October 6, 2010, Geico wrote a letter memorializing a telephone conversation wherein it was discussed that the declarations page

indicating UM coverage was for a policy of insurance that Elberson had obtained subsequent to the accident. The date of the accident was August 23, 2010, while the declarations page was for a policy providing coverage from September 10, 2010 through March 10, 2011. Further, the declarations page for Elberson's policy in effect when the accident occurred was forwarded to Elberson's counsel. That declarations page indicated no UM coverage.

On October 11, 2010, USAgencies wrote a letter to Elberson's counsel declining to provide coverage to Asberry for the August 23, 2010 accident due to its receipt of notification from LIFCO, L.L.C. requesting cancellation of Asberry's policy with USAgencies, effective April 13, 2010. On January 25, 2011, Geico's counsel sent a copy of Elberson's UM rejection form to Elberson's counsel.

On August 23, 2011, Elberson filed suit against Asberry, USAgencies and Geico. On June 11, 2012, Elberson's counsel sent a letter to Geico's counsel indicating that USAgencies would not provide coverage to Asberry for the accident due to Asberry issuing a worthless check to pay for the premiums of the policy. In the letter, Elberson's counsel stated: "I am awaiting receipt of the documentation substantiating the alleged NSF payment." Further, Elberson's counsel stated that the purpose of the letter was to "put Geico on notice of its UM exposure." Finally, Elberson's medical records pertaining to the injuries sustained by her were enclosed and forwarded to Geico, and Elberson's counsel asked for available dates to schedule "Geico's 1442 deposition."

On September 28, 2012, Elberson's counsel again sent a letter to Geico's counsel requesting dates to schedule a deposition for a representative of Geico. Thereafter, on December 13, 2012, Elberson filed an amendment and supplementation to her petition for damages. In that filing, she asserted a class

2

action against Geico. On December 17, 2012, Geico filed a motion for partial summary judgment. Three days later, on December 20, 2012, USAgencies filed a motion for summary judgment. On December 21, 2012, Geico issued a check to Elberson for $15,000.00 as an unconditional tender of the alleged policy limits.

On March 21, 2013, Geico filed an amended motion for partial summary judgment wherein it alleged that it had made a complete tender of UM benefits to Elberson. On April 29, 2013, the trial court considered USAgencies motion for summary judgment with purported cancellation of its policy with Asberry. On May 9, 2013, the trial court issued a judgment denying USAgencies motion for summary judgment because USAgencies did not comply with La.R.S. 22:1266 in cancelling Asberry's policy. USAgencies was given additional time to raise other defenses.

After USAgencies raised no other defenses, the trial court then considered Geico's motion for summary judgment on March 17, 2014. The trial court granted Geico's motion. Thereafter, Elberson filed this appeal now before us. In this appeal, Elberson alleges five assignments of error.

## DISCUSSION OF THE MERITS:

Each of Elberston's five assignments of error contains an argument as to why the trial court erroneously granted Geico's motion for summary judgment. As such, we will address them under this single heading.

A de novo review is proper when an appeal is taken from a motion for summary judgment that is granted. *Covington v. McNeese State Univ.*, 08-505 (La.App. 3 Cir. 11/5/08), 996 So.2d 667, *writ denied*, 09-69 (La. 3/6/09), 3 So.3d 491. "The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. . . . The procedure is favored and

3

shall be construed to accomplish these ends." La.Code Civ.P.art. 966(A)(2). Under

La.Code Civ.P. art. 966(B)(2), a motion for summary judgment is rendered "if the

pleadings, depositions, answers to interrogatories, and admissions, together with

the affidavits, if any, admitted for purposes of the motion for summary judgment,

show that there is no genuine issue as to material fact, and that mover is entitled to

judgment as a matter of law."

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

La.Code Civ.P. art. 966(C)(2).

> This court, in *Dugas v. Theriot*, 12-993, 12-1015, pp. 3-4 (La.App. 3 Cir.

6/19/13), 116 So.3d 1022, 1024-1025 (citing *Broussard v. Hertz Equip. Rental

Corp.*, 09-177, pp. 6-7 (La.App. 3 Cir. 12/16/09), 27 So.3d 337, 341) stated:

> > A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Hines v. Garrett*, 04-0806, p. 1 (La.6/25/04), 876 So.2d 764, 765 ( *per curiam* )(*citing Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751). A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Hines*, 876 So.2d at 765-66.

> *Smitko v. Gulf South Shrimp, Inc.*, 11-2566, pp. 7-8 (La.7/2/12), 94 So.3d 750, 755.

> However, pertinent to our review of the matter before us, we remain mindful of the following cautionary language:

> [I]t is not the function of the trial court to determine or inquire into the merits of issues raised, and the trial court may not weigh the conflicting evidence on a material fact. If evidence presented is subject to conflicting interpretations, summary judgment is not proper.
>
> . . . .
>
> Further,
>
> Summary judgment may not be granted when supporting and opposing documents reveal conflicting versions of the facts which may only be resolved by weighing contradicting testimony and assessing witness credibility.

*Johnson v. Gov't Employees Ins. Co.*, 05-476, pp. 5-6 (La.App. 3 Cir. 11/2/05), 916 So.2d 451, 454 (quoting *Federated Rural Elec. Ins. Corp. v. Gulf South Cable Inc.*, 02-852, pp. 4-5 (La.App. 3 Cir. 12/11/02), 833 So.2d 544, 546-47 (footnotes omitted)). "If in evaluating the evidence, the court considered the merits, made credibility determinations, evaluated testimony, or weighed evidence, summary judgment must be reversed." *Strickland v. Doyle*, 05-11, p. 4 (La.App. 3 Cir. 4/6/05), 899 So.2d 849, 852, *writ denied*, 05-1001 (La.6/3/05), 903 So.2d 466.

In the case before us, Geico's motion for summary judgment was granted dismissing all of Elberson's claims. Elberson's claim for UM coverage under her policy with Geico also included claims against Geico for penalties and attorney's fees to which she claims entitlement under La.R.S. 22:1973 and La.R.S. 22:1892. "Whether. . . a refusal to pay is arbitrary, capricious, or without probable cause depends on the facts known to the insurer at the time of its action. . . ." *Reed v. State Farm Mut. Auto. Ins. Co.*, 03-0107, p. 14 (La.10/21/03), 857 So.2d 1012, 1021. "Determining whether an insurer's refusal to settle a claim prior to going to trial was arbitrary and capricious is highly fact specific." *Robin v. Allstate Ins. Co.*, 03-926, 03-1009, p. 8 (La.App. 3 Cir. 3/24/04), 870 So.2d 402, 409, *writ denied,* 04-1383, (La. 9/24/04), 882 So.2d 1143.

What Geico knew and when it knew it regarding whether Elberson's UM policy would be necessary to make her whole, whether payment on that policy was necessary to make her whole, and whether Asberry's policy was validly canceled are material facts in Elberson's claims against Geico under La.R.S. 22:1973 and La.R.S. 22:1892. These are all very fact-specific questions. Here, Elberson has not even been afforded the opportunity to depose Geico. Accordingly, it is clear that the trial court impermissibly weighed evidence pertaining to material facts in order to reach it decision to dismiss Elberson's claims via summary judgment. As such, we reverse the trial court's judgment granting Geico's motion for summary judgment and remand the matter for further proceedings.

We note that in the briefs submitted to this court each counsel seemingly spent considerable time and effort to disparage the other and, at times, the trial court. Uniform Rules of Louisiana Courts of Appeal, Rule 2-12.2 states:

> The language used in the brief shall be courteous, free from vile, obscene, obnoxious, or offensive expressions, and free from insulting, abusive, discourteous, or irrelevant matter or criticism of any person, class of persons or association of persons, or any court, or judge or other officer thereof, or of any institution. Any violation of this Subsection shall subject the author, or authors, of the brief to punishment for contempt of court, and to having such brief returned.

In both Elberson and Geico's briefs, the amount of pages dedicated to exchanging barbs with one another was so extensive that it had the potential to detract from any legal point either counsel was attempting to make. This court admonishes both counsels to avoid such unnecessary verbiage and be mindful of Rule 2-12.2.

**DISPOSITION:**

Mary Elberson raises five assignments of error, all of which are arguments for this court to reverse the trial court's granting of Geico's motion for summary

judgment. We find merit in her argument that the trial court's grant of the motion necessitated the trial court to improperly weigh evidence to make a factual determination regarding a material fact. As such, we reverse the trial court's grant of Geico's motion for summary judgment and remand the case for further proceedings.

**REVERSED AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules– Courts of Appeal, Rule 2-16.3.